DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Andrea Koballa, appeals the judgment of the Summit County Court of Common Pleas, which granted summary judgment in favor of appellees, Michael Cianciolo, John Cox, John Toth, Craig Serel, Bob Smaltz, Marc Cohen, and the Twinsburg Youth Softball League ("TYSL"). This Court affirms.
 I. {¶ 2} On November 1, 2005, appellant filed a complaint for temporary restraining order, preliminary and permanent injunction, and damages. Appellant alleged seven claims against all appellees, to wit: sexual discrimination, breach of implied promise, intentional misrepresentation, negligent misrepresentation, promissory estoppel, equitable estoppel and punitive damages. Appellant's sexual discrimination claim was premised on allegations that TYSL, its commissioner, board members and selection committee members discriminated against her by failing to consider all applications for head coach of a girls' fast pitch softball team solely on the basis of qualifications and ability, instead selecting Michael Cianciolo as head coach on the basis of gender. Appellant alleged that the actions of appellees were an "`unlawful discriminatory practice' as described at Section 4112.02(C) et seq. of the Ohio Revised Code." Appellant further couched her sexual discrimination claim in terms of her "employment" with TYSL.
 {¶ 3} Initially, all appellees were represented by the same counsel in regard to their defense. During that time, on November 21, 2005, all appellees filed a brief in opposition to appellant's motion for temporary restraining order and preliminary and permanent injunction, as well as a joint motion to dismiss appellant's complaint. Appellee Cianciolo filed a separate motion to dismiss appellant's complaint the same day. Two days later, counsel for all the appellees moved to withdraw from further representation of appellee Cianciolo. Mr. Cianciolo ("Cianciolo") never withdrew from the original joint motion to dismiss.
 {¶ 4} TYSL and Messrs. Cox, Toth, Serel, Smaltz and Cohen ("the TYSL defendants") continued to be represented collectively in this matter, while Cianciolo was represented by separate counsel.
 {¶ 5} On November 29, 2005, appellant filed a motion to amend her complaint, with a copy of the amended complaint attached. Appellant's amended complaint alleged sexual discrimination against all appellees in that their actions were an "unlawful discriminatory practice" as described in R.C. 4112.02(I) and (J). Appellant further couched her sexual discrimination claim in terms of her "engagement" with TYSL, rather than her "employment." Although she maintained her punitive damages claim against all appellees, appellant alleged claims of breach of implied promise, intentional misrepresentation, negligent misrepresentation, promissory estoppel and equitable estoppel solely against the TYSL defendants and not Cianciolo. The trial court, however, never granted leave to appellant to file her amended complaint.
 {¶ 6} Both the TYSL defendants and Cianciolo filed briefs in opposition to appellant's motion to amend the complaint. The trial court never issued a ruling on appellant's motion to amend her complaint.
 {¶ 7} On November 29, 2005, the TYSL defendants filed a supplemental brief in support of their motion to dismiss, appending the affidavit of John Toth. On December 5, 2005, the trial court issued a judgment order, which stated in full:
"This cause came on before this Court upon the Defendants' Motion to Dismiss Plaintiff's Complaint.
"To rule, this Court must look outside the pleadings to the affidavit attached to the motion filed by the Defendants. Accordingly, this Court converts the Motion to Dismiss to a Motion for Summary Judgment.
"The Plaintiff may have 14 days from the date of this Order within which to reply.
"It is so ordered."
Based on its ultimate disposition of this case on summary judgment in favor of all defendants, it is clear that the trial court considered Cianciolo to be a party to the converted motion for summary judgment. Because the supplemental brief in support of the motion to dismiss related back to the original motion to dismiss, to which Cianciolo was a party, this Court finds it reasonable to recognize Cianciolo as a party to the converted motion for summary judgment. Furthermore, it is clear that the converted motion for summary judgment addressed only the allegations in the original complaint.
 {¶ 8} On December 7, 2005, Cianciolo filed a motion for leave to file a reply memorandum in support of his motion to dismiss instanter. Cianciolo attached his reply memorandum in support of his motion to dismiss to the motion for leave. On December 27, 2005, appellant filed a motion for leave to file a response to Cianciolo's reply in support of his motion to dismiss appellant's complaint. Appellant attached her response to Cianciolo's reply instanter. The trial court never ruled on either motion for leave.
 {¶ 9} Appellant timely filed a brief in opposition to the defendants' motion for summary judgment on December 19, 2005, failing to append any evidentiary support. On December 27, 2005, the defendants timely filed a reply brief in support of their converted motion for summary judgment pursuant to Summit County Loc.R.7.14(C)(1). In their reply brief, the defendants expressly argued in support of their motion for summary judgment in regard to the original complaint. The defendants stated:
"* * * Plaintiff falls back on her misguided claim that she did not mean to plead coverage under the employment provisions of R.C. Chapter 4112, but instead, meant a broader, more generalized coverage under that chapter, pointing to her Motion for Leave to Amend the Complaint as proof of her error. It must be remembered, however, that the only Complaint properly before this Court is her initial one, as this Court has never granted Plaintiff leave to amend her Complaint. Thus, Defendants properly moved for summary judgment on her original Complaint, which is obviously seeking recovery for employment discrimination, * * *" (Emphasis in original.)
 {¶ 10} On December 29, 2005, appellant filed a motion for leave to file a response to the defendants' December 27, 2005 reply brief in support of their converted motion for summary judgment. The trial court never granted leave to appellant to file such a response. In another response, filed without leave, to the TYSL defendants' reply in support of their original motion to dismiss, appellant argued in part that the TYSL defendants' motion to dismiss should be stricken as moot because the trial court converted it into a motion for summary judgment. Appellant filed an addendum with two affidavits on December 29, 2005. On January 12, 2006, appellant filed another response to the defendants' reply in support of their motion for summary judgment, again without leave of court to do so.
 {¶ 11} On January 19, 2006, the trial court issued a judgment entry and order on the motions for summary judgment presented by the TYSL defendants and Cianciolo. The trial court found "no triable issue of material fact relative to all causes of action alleged in Plaintiff's complaint * * *" and granted summary judgment in favor of appellees upon appellant's complaint.
 {¶ 12} Appellant appealed from the order granting summary judgment to all appellees, raising four assignments of error for review. Some assignments of error are addressed out of order to facilitate review.
 ASSIGNMENT OF ERROR I
"THE TRIAL COURT ERRED IN GRANTING APPELLEES' MOTIONS FOR SUMMARY JUDGMENT ON KOBALLA'S GENDER (SEX) DISCRIMINATION CLAIM."
 {¶ 13} Appellant argues that the trial court erred by granting summary judgment in favor of appellees on her claim alleging gender discrimination. This Court disagrees.
 {¶ 14} This Court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
 {¶ 15} Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 16} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. State ex rel. Zimmerman v.Tompkins (1996), 75 Ohio St.3d 447, 449.
 {¶ 17} As a preliminary matter, this Court addresses the trial court's granting of summary judgment in favor of appellees within the context of appellant's original complaint. Notwithstanding appellant's various arguments before the trial court in opposition to the motions for summary judgment and before this Court within the context of allegations in her purported amended complaint, this Court finds that the amended complaint was not properly before the trial court for consideration. Because the trial court failed to rule on appellant's motion for leave to file her amended complaint, this Court must presume that the trial court implicitly denied the motion. Akron v. Molyneaux (2001), 144 Ohio App.3d 421, 425.
 {¶ 18} Appellant alleged that appellees' actions constituted an "`unlawful discriminatory practice' as described at Section4112.02(C) et seq. of the Ohio Revised Code" in that appellees failed to act in a non-discriminatory manner in hiring applicants. Specifically, appellant alleged that appellees discriminated against her with respect to hire and employment by selecting a male as the coach of U10 Fast-Pitch Division girls' team instead of appellant. While appellant notes in her brief in opposition to appellees' motions for summary judgment that her "complaint need not contain every factual allegation that the complaint intends to prove," citing York v. Ohio State Hwy.Patrol (1991), 60 Ohio St.3d 143, 144-145, she further admits that the complaint "must contain either direct allegations on every material point necessary to sustain a recovery on any legal theory, even though it may not be on the theory suggested or intended by the pleader, or contain allegations from which an inference fairly may be drawn that evidence of these material points will be introduced at trial[,]" citing Fancher v.Fancher (1982), 8 Ohio App.3d 79, 83. In this case, appellant clearly alleged her gender discrimination claim in terms of her "hiring" and "employment," thereby characterizing her cause of action as an employment discrimination claim.
 {¶ 19} R.C. 4112.01(2) defines an employer as "the state, any political subdivision of the state, any person employing four or more persons within the state, and any person acting directly or indirectly in the interest of an employer." R.C. 4112.01(3) defines an employee as "an individual employed by any employer but does not include any individual employed in the domestic service of any person." The statute does not define "hire" or "employment." Black's Law Dictionary (7 Ed. 1999) 735, defines "hire" as "[t]o engage the labor or services of another for wages or other payment." It defines "employment" as "[w]ork for which one has been hired and is being paid by an employer." Id. at 545.
 {¶ 20} The Ohio Supreme Court has repeatedly determined that "federal case law interpreting Title VII of the Civil Rights Act of 1964, Section 2000(e) et seq., Title 42 U.S. Code, is generally applicable to cases involving alleged violations of R.C. Chapter 4112." Little Forest Med. Ctr. of Akron v. OhioCiv. Rights Comm. (1991), 61 Ohio St.3d 607, 609-610, quotingPlumbers Steamfitters Joint Apprenticeship Commt. v. Ohio Civ.Rights Comm. (1981), 66 Ohio St.2d 192, 196, citing RepublicSteel v. Ohio Civ. Rights Comm. (1975), 44 Ohio St.2d 178;Weiner v. Cuyahoga Community College Dist. (1969),19 Ohio St.2d 35. The high court concluded, "Thus, `reliable, probative, and substantial evidence' in an employment discrimination case brought pursuant to R.C. Chapter 4112 means evidence sufficient to support a finding of discrimination under Title VII."Plumbers Steamfitters, 66 Ohio St.2d at 196.
 {¶ 21} Appellant cannot prevail on her claim alleging gender discrimination as she has pled such claim, unless she can establish that she is an employee. "`Employee' status depends in large part upon the degree to which [appellant] is economically dependent upon the institution charged with discrimination."Neff v. Civ. Air Patrol (S.D. Ohio 1996), 916 F.Supp. 710, 712.
 {¶ 22} To establish a prima facie case of gender discrimination, appellant must demonstrate that:
"(1) she is a member of a protected class; (2) that she suffered an adverse employment action; (3) that she was qualified for the position she lost; and (4) either that she was replaced by someone outside the protected class," or that a comparable, non-protected person was treated more favorably." Yoho-Smith v.Santmyer Oil Co., Inc., 9th Dist. No. 04CA0058, 2005-Ohio-3295, at ¶ 10, quoting Samadder v. DMF of Ohio, Inc.,154 Ohio App.3d 770, 2003-Ohio-5340, at ¶ 35, citing McDonnell Douglas Corp. v.Green (1973), 411 U.S. 792, 802.
 {¶ 23} Appellees attached the affidavit of appellee John E. Toth, Treasurer and Executive Board member of appellee Twinsburg Youth Softball League ("TYSL"). Mr. Toth averred that TYSL is an all volunteer organization which has no employees. Mr. Toth further averred that the coaching position which appellant sought is a volunteer position. He averred that none of the coaches for TYSL receive any monetary compensation for their services. Accordingly, appellees met their initial burden to present evidence to demonstrate that appellant cannot make a prima facie case of gender discrimination. See Dresher,75 Ohio St.3d at 293.
 {¶ 24} Appellant, on the other hand, failed to present any evidence of the type enumerated in Civ.R. 56(C) to rebut appellees' evidence. Rather, appellant merely relied on the allegations in her pleading, failing to set forth any specific facts to meet her reciprocal burden. See Tompkins,75 Ohio St.3d at 449. Although appellant ultimately filed a motion for leave to file a response to appellees' reply in support of their motion for summary judgment, the trial court never granted such leave. Loc.R. 7.14(C)(1) of the Summit County Court of Common Pleas provides only for the filing of the non-moving party's brief in opposition and the moving party's reply brief in support of its motion for summary judgment. "Additional reply briefs may only be filed with leave of the Court only upon a showing of good cause." Id. Accordingly, appellant's addendum brief in opposition to appellees' motion for summary judgment, filed December 29, 2005, and her exhibits and response to appellees' reply brief in support, filed January 12, 2006, were not properly before the trial court for consideration in regard to its disposition of appellees' motion for summary judgment. Therefore, this Court does not consider them in our de novo review.
 {¶ 25} Because appellant failed to rebut appellees' evidence in support of their motion for summary judgment, appellant has failed to meet her reciprocal burden to show that genuine triable issues remain. Accordingly, the trial court did not err by granting summary judgment in favor of appellees on the count alleging gender discrimination for the reason that appellees demonstrated that no employment relationship existed between appellant and appellees. Appellant failed to rebut such evidence. Therefore, no genuine issue of material fact exists and appellees are entitled to judgment as a matter of law on appellant's claim alleging gender discrimination as it is pled in the complaint.[1] Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR III
"THE TRIAL COURT ERRED IN GRANTING APPELLEES' MOTIONS FOR SUMMARY JUDGMENT ON THE REMAINDER OF KOBALLA'S CLAIMS."
 {¶ 26} Appellant argues that the trial court erred in granting summary judgment in favor of appellees on appellant's claims alleging breach of implied contract, intentional misrepresentation, negligent misrepresentation, promissory estoppel and equitable estoppel. This Court disagrees.
 {¶ 27} This Court first notes that appellant does not argue that the trial court erred by granting summary judgment in favor of appellee Cianciolo on these five claims. Accordingly, this Court analyzes the matter only in regard to the remaining appellees.
 {¶ 28} This Court previously set out the standard of review regarding orders granting summary judgment in our discussion of appellant's first assignment of error.
 {¶ 29} To prevail on her claim alleging a breach of an implied contract, appellant must prove the existence of an offer, an acceptance and consideration. Nitz v. Goodyear Tire RubberCo. (Aug. 23, 1995), 9th Dist. No. 17098.
 {¶ 30} To prevail on her claim alleging intentional misrepresentation, appellant must prove the following:
"(a) a representation or, where there is a duty to disclose, concealment of a fact; (b) which is material to the transaction at hand; (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; (d) with the intent of misleading another into relying upon it; (e) justifiable reliance upon the representation or concealment; and (f) a resulting injury proximately caused by the reliance." Burns-Boggs v.Howerton, 2d Dist. No. 21384, 2006-Ohio-4002, at ¶ 23, citingBurr v. Stark Cty. Bd. of Commrs. (1986), 23 Ohio St.3d 69.
 {¶ 31} To prevail on her claim alleging negligent misrepresentation, appellant must prove that appellees, in the course of their business or in any other transaction in which they have a pecuniary interest, supplied false information for appellant's guidance in her business transactions, and that appellant suffered pecuniary loss as a result of her justifiable reliance on the information. ATCO Med. Prods., Inc. v. Stringer
(Apr. 8, 1998), 9th Dist. No. 18571, citing Delman v. ClevelandHts. (1989), 41 Ohio St.3d 1, 4.
 {¶ 32} To prevail on her claim alleging promissory estoppel, appellant must prove: "(1) a clear and unambiguous promise; (2) reliance on that promise; (3) reliance that was reasonable and foreseeable; and (4) damages caused by that reliance." CurrentSource, Inc. v. Elyria City School Dist., 9th Dist. No. 03CA008406, 2004-Ohio-3422, at ¶ 31.
 {¶ 33} Finally, to prevail on her claim alleging equitable estoppel, appellant must prove "(1) that [appellees] made a factual misrepresentation; (2) that it is misleading; (3) induces actual reliance which is reasonable and in good faith; and (4) which causes detriment to the relying party." Doe v. BlueCross/Blue Shield of Ohio (1992), 79 Ohio App.3d 369, 379. Relevant factors in assessing these elements include the following:
"`[(a)] the nature of the representation; (b) whether the representation was in fact misleading; (c) the relative knowledge and experience of the parties; (d) whether the representation was made with the intent that it be relied upon; and (e) the reasonableness and good faith of the reliance, given all the facts and circumstances.'" Id., quoting First Fed. S. L. Assn.v. Perry's Landing, Inc. (1983), 11 Ohio App.3d 135, 145.
 {¶ 34} In this case, appellees responded that they admitted in their answer that their applications for coaching positions contain a TYSL organizational policy statement which states that TYSL is an equal opportunity organization which considers applicants solely on the basis of qualifications and ability, without regard to race, religion, color, sex, age, national origin, disability, or veteran status.
 {¶ 35} This Court was clear that such organizational policy statements do not rise to the level of a contractual offer or promise. Nitz, supra. Appellant failed to present any evidence to rebut appellees' admission that the statement was TYSL's organizational policy. See Tompkins, 75 Ohio St.3d at 449. Where there is no specific promise or representation, appellant cannot demonstrate that she has justifiably relied on TYSL's enunciation of a mere organizational policy.
 {¶ 36} In addition, appellees presented the affidavit of Mr. Toth who averred that no coaches affiliated with TYSL receive monetary compensation. Appellant has failed to submit any evidence to establish that she had any pecuniary interest, i.e., monetary interest, in the coaching position, so that she might have suffered some pecuniary loss.
 {¶ 37} Based on this Court's de novo review, we find that appellees have presented evidence to demonstrate that appellant cannot prevail on her remaining claims. Appellant has failed to rebut appellees' evidence. Accordingly, no genuine issue of material fact exists, and the trial court did not err by granting summary judgment in favor of appellees in regard to appellant's claims alleging breach of implied contract, intentional misrepresentation, negligent misrepresentation, promissory estoppel and equitable estoppel. Appellant's third assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT ERRED IN GRANTING APPELLEES' MOTIONS FOR SUMMARY JUDGMENT ON KOBALLA'S PUNITIVE DAMAGES CLAIM."
 {¶ 38} Appellant argues that the trial court erred in granting summary judgment in favor of appellees on her claim for punitive damages. This Court disagrees.
 {¶ 39} Appellant concedes, and this Court agrees, that she must prove actual damages in her underlying causes of action as a necessary predicate to an award of punitive damages. Moskovitzv. Mt. Sinai Med. Ctr. (1994), 69 Ohio St.3d 638, 649. "In Ohio, no civil action may be maintained simply for punitive damages." Id. at 650. Because this Court has found that the trial court did not err by granting summary judgment in favor of appellees on all underlying claims alleged in the complaint, the trial court did not err by granting summary judgment in favor of appellees on appellant's bare claim for punitive damages. Appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR IV
"THE TRIAL COURT ERRED IN DENYING KOBALLA THE OPPORTUNITY TO COMPLETE DISCOVERY PRIOR TO RULING ON THE SUMMARY JUDGMENT MOTIONS."
 {¶ 40} Appellant argues that the trial court erred by denying her the opportunity to complete discovery prior to ruling on the motion for summary judgment. This Court disagrees.
 {¶ 41} Civ.R. 56(F) provides:
"Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just."
 {¶ 42} In this case, appellant neither filed a motion pursuant to Civ.R. 56(F) nor requested in any other manner that the trial court delay ruling on the motion for summary judgment until such time that she might complete discovery. This Court has previously held: "If a party fails to file a motion under Civ.R. 56(F), or does not, in their response to a summary judgment motion, show prejudice resulting from failure to receive the discovery requested, that party fails to preserve the issue for appeal." Tripp v. Beverly Ent.-Ohio, Inc., 9th Dist. No. 21506,2003-Ohio-6821, at ¶ 69.
 {¶ 43} This Court finds that appellant failed to preserve the issue for appeal. The record clearly demonstrates that appellant did not file a Civ.R. 56(F) motion to request a continuance of the trial court's ruling on the motion for summary judgment to permit her to obtain additional discovery. Furthermore, appellant's response to appellees' motions for summary judgment merely asserts that "discovery has not yet been conducted" without alleging any resulting prejudice to her ability to rebut the summary judgment motion. See Tripp at ¶ 69.[2]
Accordingly, appellant's fourth assignment of error is overruled.
 III. {¶ 44} Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Whitmore, J. concurs.
Slaby, P.J. Concurs in Judgment only.
[1] This Court clarifies that our decision that appellant cannot prevail on her gender discrimination claim in this case does not mean that she has no discrimination cause of action under some other law which may encompass and preclude discriminatory acts against volunteers. We do not assert that appellant would prevail on a gender discrimination claim brought pursuant to some other law; that issue is not now before this Court. Our decision in this case, however, merely holds that appellant cannot prevail on her gender discrimination claim brought pursuant to "Section 4112.02(C) et seq. of the Ohio Revised Code" as she has pled that claim in this case.
[2] In fact, when appellant made her assertion regarding the lack of discovery, she seemingly did so within the context of a response to a motion to dismiss, further asserting that, under the bare bones doctrine of pleading, she "has pled sufficient information which must be accepted as true by the Court before dismissing a count."