JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, Vernon Hempstead ("the employee"), appeals the trial court's granting of the motion to dismiss filed by appellees, the Cleveland Board of Education ("the board") and Local 701 ("the union"). After a thorough review of the record, and for the reasons set forth below, we affirm.
 {¶ 2} The employee was an assistant custodian for the board and a member of the union. The pertinent facts that led to this appeal began in 2001 when the board suspended the employee for verbally assaulting a coworker. At the union's request, the board permitted the employee to remain in his position after he signed a "Last Chance Agreement"; however, in 2003, the board terminated the employee for allegedly physically assaulting a supervisor.
 {¶ 3} On October 1, 2004, the employee filed a wrongful discharge claim against the board. He alleged that the board discriminated against him based on race and disability when it issued him the Last Chance Agreement and terminated his employment. He also alleged that the board's conduct violated R.C. 4112.02. On January 27, 2005, the board filed a motion to dismiss under Civ. R. 12(B)(6). On August 15, 2005, the trial court granted the board's motion, and dismissed the claim with prejudice.
 {¶ 4} On January 8, 2007, the employee again filed suit against the board alleging race and disability discrimination arising out of the Last Chance Agreement and his termination. His new complaint specifically alleged claims *Page 4 
under R.C. 4112.02(A) and (C). This new complaint also named the union as a codefendant, alleging breach of its duty of fair representation. On March 16, 2007, appellees filed a motion to dismiss. On December 27, 2007, the trial court granted appellees' motions to dismiss on the basis of res judicata.
 Review and Analysis {¶ 5} The employee brings this appeal asserting four assignments of error for our review.[1] Because the assignments of error are substantially interrelated, they shall be addressed together. Within his assignments of error, the crux of the employee's argument is that the trial court erred when it held that his claims are barred by res judicata. This argument is without merit.
 {¶ 6} "The issue of whether res judicata * * * applies in a particular situation is a question of law that is reviewed under a de novo standard." Gilchrist v. Gonsor, Cuyahoga App. No. 88609, 2007-Ohio-3903, at ¶ 18, citing Nationwide Ins. Co. v. Davey Tree Expert Co.,166 Ohio App.3d 268, 2006-Ohio-2018, 850 N.E.2d 127. A de novo standard of review affords no deference to the trial court's decision, and we independently review the record to determine whether res judicata applies. Id. at ¶ 16. Res judicata makes a final judgment between parties conclusive as to all claims that were litigated or that could have *Page 5 been litigated in that action. Grava v. Parkman Twp., 73 Ohio St.3d 379,1995-Ohio-331, 382, 653 N.E.2d 226.
 {¶ 7} Res judicata requires a plaintiff to "present every ground for relief in the first action, or be forever barred from asserting it." Id. Res judicata applies to any claim meeting the following three elements: 1) the plaintiff brought a previous action against the same defendant; 2) there was a final judgment on the merits of the previous action; and 3) the new claim was pursued in the first action, or it arises out of the same transaction that was the subject matter of the first action.Smith v. Bd. of Cuyahoga Cty. Commrs., Cuyahoga App. No. 86482,2006-Ohio-1073, at ¶ 16-18.
 Parties {¶ 8} For purposes of res judicata, the parties in the 2004 case are the same as the parties in the present case. "In order for the principle of res judicata to be applicable, the parties to the subsequent action must be identical to those of the former action or be in privity with them." Johnsons Island, Inc. v. Bd. of Twp. Trustees (1982),69 Ohio St.2d 241, 244, 431 N.E.2d 672.
 {¶ 9} In his 2004 complaint, the employee named the board as a defendant. The employee argues that res judicata does not apply to the board because a new defendant (the union) was named in the present case. However, "it is immaterial to considerations of res judicata that Plaintiff has named *Page 6 
additional defendants in this case. * * * An alternative rule would enable a plaintiff to frustrate the purpose of the doctrine of res judicata simply by adding a new defendant to each subsequent litigation."Schneider v. United States (D.N.J. 2007), Civ. No. 06-3200. Therefore, we find there is commonality of parties regarding the board.
 {¶ 10} Even though the union was not named in the 2004 complaint, res judicata bars this action against it because it is in privity with the board. As parties to a collective bargaining agreement that governed the employee's employment, the board and the union have a contractual relationship, which establishes privity. Further, "a mutuality of interest, including an identity of desired result, creates privity" for the purposes of res judicata. Brown v. City of Dayton,89 Ohio St.3d 245, 248, 2000-Ohio-148, 730 N.E.2d 958.
 {¶ 11} Here, the union and the board share a mutual interest in a dismissal of the claims because dismissal of the discrimination claims against the board would cause the employee's claim against the union for breach of duty of representation to fail. Therefore, we find that there is commonality of parties regarding the union. *Page 7 
 Final Judgment {¶ 12} In Ohio, a dismissal with prejudice is a final judgment for purposes of res judicata. Tower City Properties v. Cuyahoga Cty. Bd. ofRevision (1990), 49 Ohio St.3d 67, 69, 551 N.E.2d 122, quotingChadwick v. Barba Lou, Inc. (1982), 69 Ohio St.2d 222, 226,431 N.E.2d 660. Contrary to the employee's argument that the case was dismissed without prejudice, the record shows the case was dismissed withprejudice. The employee also argues that there was no final judgment because the trial court dismissed for lack of subject matter jurisdiction. However, again, a review of the record shows that the trial court dismissed based on Civ. R. 12(B)(6). Therefore, we find that, for the purposes of res judicata, there was a final judgment in the 2004 case.
 Subject Matter {¶ 13} In his 2004 complaint, the employee alleged that the board discriminated against him based on race and disability, in violation of R.C. 4112.02. In the present case, he alleged that the board discriminated against him based on race and disability in violation of R.C. 4112.02(A) and (C). Clearly, these are the same causes of action based on the same allegations. The employee alleges that this case is different because, here, he has made claims under R.C. 4112.02(C) specifically, and did not do so in the 2004 complaint. We find this argument unpersuasive. *Page 8 
 {¶ 14} His claims are barred under Grava, because the claims arise out of the same events as the previous case. In Grava, the Ohio Supreme Court specifically held that res judicata bars claims that could have been brought in the previous case, but had not been brought.Grava, supra, at 382. Therefore, we find that there is commonality of subject matter between the 2004 case and the present case.
 {¶ 15} The employee makes a final argument that the present case is not barred by res judicata because, since 2004, new case law has created a new cause of action he could have brought against the board.[2] We decline to address the validity or applicability of the new case law to this case because the Ohio Supreme Court has held that even "a change in decisional law which might arguably reverse the outcome in a prior civil action does not bar the application of the doctrine of res judicata."Natl Amusements, Inc. v. City of Springdale (1990), 53 Ohio St.3d 60,558 N.E.2d 1178. Therefore, we find the employee's final argument unpersuasive. Accordingly, the employee's assignments of error are overruled.
Judgment affirmed.
It is ordered that appellees recover from appellant costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 9 
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MELODY J. STEWART, P.J., CONCURS; ANN DYKE, J., CONCURS IN JUDGMENT ONLY.
 APPENDIX
A Appellant's Assignments of Error
I. The trial court erred in dismissing Plaintiff-Appellant's case pursuant to O.Civ. R. 41(A), res judicata, as the case was not one that should have been brought in the previous litigation, Case No. CV04544427, as required by the doctrine of res judicata; as developments in the law had not taken place concerning O.R.C. 4112.02(C) setting forth guidelines that there could be a labor case brought against employer and union under state law analogous to a Hybrid 301 case and parallel to 29 U.S.C. 185; and furthermore, the development in the law in 2006 which supported the cause put forth in the instant case under O.R.C. 4112.02(C) was not ripe during the prior case, which culminated in August of 2005.
II. The trial court in the instant case erred as a matter of law in its interpretation of res judicata as the court granted Defendants-Appellees Cleveland Board of Education, et al., and Defendant-Appellee National Conference of Fireman and Oilers, Local 701's Motions to Dismiss on subject matter jurisdiction, which is an exception to res judicata as it is not a judgment on the merits under O.Civ. R. 41(B)(4).
III. The trial court erred in its interpretation of res judicata as to all the elements to satisfy said doctrine being present in the instant case.
IV. The trial court erred as a matter of law in its interpretation of O.R.C. 4112.02(C).
[1] Appellants four assignments of error are included in Appendix A of this Opinion.
[2] The new case law is found in Koballa v. Twinsburg Youth SoftballLeague, Summit App. No. 23100, 2006-Ohio-4872. *Page 1