[Cite as *Kobal v. Brian A. Cole & Assocs.*, 2021-Ohio-2315.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| JOHN E. KOBAL, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 110141 |
| v. | : | |
| BRIAN A. COLE AND ASSOCIATES, ET AL., | : | |
| | : | |
| Defendants-Appellees. | | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 8, 2021

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-926447

***Appearances:***

John E. Kobal, *pro se.*

Volpini Law, L.L.C., and Laura L. Volpini, *for appellees.*

LISA B. FORBES, P.J.:

{¶ 1} Plaintiff John E. Kobal ("Kobal"), acting pro se, appeals from the trial court's judgment dismissing with prejudice under the doctrine of res judicata various claims against defendants Brian A. Cole and Associates, Brian A. Cole, TBN

of Ohio, and Norm Incze ("the Defendants"). After reviewing the facts of the case and pertinent law, we affirm the trial court's judgment.

## I.    Facts and Procedural History

{¶ 2} On May 1, 2018, Kobal filed a complaint against the Defendants alleging nine causes of action: accounting; breach of contract; "blue sky"; fraud; conversion; unjust enrichment; "civil RICO"; "S.E.C."; and "John Does." *See Kobal v. Brian A. Cole and Assocs.*, Cuyahoga C.P. No. CV-18-897001 ("*Kobal I*"). On June 28, 2018, the court granted the Defendants' motion to dismiss pursuant to Civ.R. 12(B)(6), finding that "each claim is governed by a different statute of limitations and each claim is time bar[r]ed," citing R.C. 2305.06, 1707.43, 2305.09, 2923.34 and 15 USCS 781. Kobal did not appeal this dismissal. On June 18, 2019, Kobal filed a motion for relief from judgment pursuant to Civ.R. 60(B), which the court denied on November 12, 2019. Kobal did not appeal this denial.

{¶ 3} On December 11, 2019, Kobal filed another complaint against the Defendants[1] alleging seven causes of action: accounting; breach of contract; "blue sky"; fraud and misrepresentation; unjust enrichment; constructive trust; and "John Does." On March 19, 2020, the court dismissed Kobal's claims against the Defendants "with prejudice at cost to plaintiff as each has been previously disposed of in Case No. 897001." It is from this order that Kobal appeals, raising nine assignments of error for our review.

---

[1] Kobal filed this complaint against the Defendants, his ex-wife, and "John Does." Kobal ultimately dismissed the John Doe defendants from this case. Kobal's ex-wife did not file an appellate brief or otherwise participate in this case.

## II. Law and Analysis — Res Judicata

**{¶ 4}** The Ohio Supreme Court has held that:

> Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.

(Emphasis omitted.) *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967).

**{¶ 5}** "The doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." *Natl. Amusements v. Springdale*, 53 Ohio St.3d 60, 62, 558 N.E.2d 1178 (1990). *See also Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382, 653 N.E.2d 226 (1995) ("a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action"). "Res judicata makes a final judgment between parties conclusive as to all claims that *were litigated or that could have been litigated* in that action." (Emphasis sic.) *Hempstead v. Cleveland Bd. of Edn.*, 8th Dist. Cuyahoga No. 90955, 2008-Ohio-5350, ¶ 6.

**{¶ 6}** It is long-standing Ohio law that "a judgment based upon the statute of limitations is generally regarded as on the merits and bars another action for the same cause." *La Barbera v. Batsch*, 10 Ohio St.2d 106, 114-115, 227 N.E.2d 55 (1967).

**{¶ 7}** On appeal, Kobal's entire argument concerning the doctrine of res judicata is contained in his first assignment of error, which follows verbatim:

Misuse of Res Judicata as a reason for dismissal of the case. Journal Entry states "as each has been previously disposed of in <u>Case No. 897001</u>." Res Judicata is not applicable with the present of fraud and the Court judgment improper because it was not based on merit due to a lack of jurisdiction for the Court to hear the case to hear the <u>Case No. 897001.</u>

Any use of *Res Judicata* in this case as a reason for dismissal is <u>groundless</u> and goes against legal protocol. The issues were <u>not</u> previously "disposed of" (using Court's words) in the initial filing by the Appellant – <u>Case No. 897001</u>. The trial Court had no authority to hear and rule on any aspects of the case because of a *jurisdictional matter*. In the initial Appellant trial Court filing, the Court rendered an *improper, abuse of discretion statement that had no practical significance* – <u>because of jurisdiction</u> – that Appellant claims were outside the Statute of Limitations. Furthermore, <u>with no discovery required by the Court</u> and <u>credible irrefutable evidence</u> submitted by the Appellant, the action by the Court was <u>grossly unfair and prejudicial</u>; any such court judgment shall be <u>void</u> in the presence of a *jurisdictional issue* – which takes precedence. (<u>Exhibit 15 – Appellant Motion).[2]</u> One of the <u>Appellant counts</u> on the Complaint made reference to misconduct involving a <u>Federal law</u> (which the State of Ohio has as well and the Appellant included in the Complaint. This <u>became a jurisdictional issue</u> that <u>prevented</u> the Trial Court from accepting the case. For the trial Court to consider accepting and considering a civil complaint, <u>it must be absent</u> of any reference to claims of misconduct involving a <u>Federal rules and regulations</u> being violated. In Appellant refiling of the case, any reference or claim of misconduct involving a Federal issue or law is <u>not</u> present. Res judicata is <u>not</u> proper with reference to judgment or rulings on cases that do <u>not</u> involve <u>merit and/or – as aforementioned – with the presence of issues involving fraud and misrepresentation.</u> ORC 2912.01(A)(B) – Violations of law. <u>Norwood Vs. McDonald</u> 1942; 142; Ohio St. 299 (2900.240), 52 N.E., 2d 67.

{¶ 8} As a pro se litigant, Kobal "is presumed to have knowledge of the law

and of correct legal procedure and is held to the same standard as all other litigants."

---

[2] Exhibit No. 15, which is attached to Kobal's appellate brief, is an unauthenticated copy of a document that he filed in the trial court in the case at hand. The document is captioned: "Plaintiff opposition to court decision to dismiss claims against [the Defendants]. Request for reconsideration."

*Kilroy v. B.H. Lakeshore Co.*, 111 Ohio App.3d 357, 363, 676 N.E.2d 171 (8th Dist.1996). Upon review, we find that the causes of action in *Kobal I* and the causes of action in the case at hand are based on the same set of underlying facts. The following pertinent allegations, which are common to both complaints, set a background of this dispute: Kobal worked for the Defendants "performing loan origination and telemarketing services from on or about 1998 to on or about mid-October, 2006." In March 2006, Kobal "was solicited by" the Defendants "to invest $120,000" with them "for business expansion." In February 2007, the Defendants "solicited [Kobal] for another investment" of $100,000 for business expansion "into the southwestern states." According to Kobal, "[t]he minimum guaranteed rate of return for the [investments] was 25% * * * per year," and the Defendants "guaranteed [that Kobal] would never lose any part of the original * * * investment[s]." Kobal "now alleges that Defendants failed in all respects and terms of the (2) two investment contracts."

{¶ 9} Attached to his complaint in the case at hand are the following exhibits: 1) a bank check dated March 3, 2006, for $9,500 remitted by Kobal and paid to TBN of Ohio; 2) an "Investment Agreement" between Kathleen M. Kobal, who is Kobal's ex-wife, and Brian A. Cole and Associates dated July 14, 2006, for $100,000; 3) an "Investment Agreement" between KMK Consulting, L.L.C., and Brian A. Cole and Associates dated January 30, 2007, for $100,000; 4) an "Investor Agreement" between KMK Title, L.L.C., and Brian A. Cole, Thomas Coriell, and

Norman Incze dated February 1, 2007 for $120,000; and 5) Kobal's affidavit, which sets forth the above referenced allegations.

{¶ 10} In short, this case concerns investment contracts from 2006 and 2007 to which Kobal is not a party. The claims and issues in the case at hand were, or could have been, adjudicated on the merits in *Kobal I*, when the court dismissed that case after finding that all the causes of action were barred by statutes of limitations. Kobal did not appeal this dismissal. Kobal is barred by the doctrine of res judicata from relitigating these claims and issues, and his first assignment of error is overruled.

{¶ 11} Kobal's assignments of error two through nine do not relate to the March 19, 2020 final judgment of dismissal from which he appealed, do not identify an alleged error by the court, and are not supported by relevant legal authority. Pursuant to App.R. 16(A)(7), an appellant's brief shall include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and part of the record on which appellant relies." This court "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." App.R. 12(A)(2).

{¶ 12} For example, in assignment of error four, which is titled "Breach of written investment contracts," Kobal argues that the Defendants breached various

contracts.  Kobal cites no legal authority whatsoever under this assignment of error, nor does he cite to the record.  Consequently, there is nothing for this court to review. Accordingly, we disregard assignments of error two through nine and affirm the trial court's dismissal of Kobal's complaint.

{¶ 13}  Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for his appeal.

It is ordered that a special mandate be sent to said court to carry out this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
EMANUELLA D. GROVES, J., CONCUR