NATIONWIDE INS. CO., Appellant,

v.

DAVEY TREE EXPERT CO. et al.; Wausau Ins. Cos., Appellee.

[Cite as *Nationwide Ins. Co. v. Davey Tree Expert Co.*, 166 Ohio App.3d 268, 2006-Ohio-2018.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 2005–T–0043.

Decided April 21, 2006.

Harrington, Hoppe & Mitchell, Ltd., William L. Hawley and Gina DeGenova Bricker, for appellant.

Reminger & Reminger Co., L.P.A., and Brian D. Sullivan, for appellee.

DIANE V. GRENDELL, Judge.

{¶ 1} Plaintiff-appellant, Nationwide Insurance Company, appeals the judgment of the Trumbull County Court of Common Pleas, vacating the court's prior grant of summary judgment in Nationwide's favor against defendant-appellee, Wausau Insurance Company. For the following reasons, we affirm the decision of the court below.

{¶ 2} Nationwide initiated the present action on November 30, 2000, by filing a complaint for declaratory judgment against defendant-appellees, the Davey Tree Expert Co. and James Garvey. Garvey, an employee of Davey Tree, was injured in an automobile accident on January 20, 1995, at the intersection of North Park Avenue and State Route 88 in Trumbull County. After settling with the tortfeasor, Garvey made a claim against Nationwide, Garvey's personal automobile insurer, for underinsured-motorist benefits. By way of an amended complaint, Nationwide joined Wausau, which provided automobile insurance to Davey Tree, as a defendant. Nationwide sought a declaration from the trial court "confirm[ing] the existence and applicability of underinsured motorist coverage under all relevant policies (automobile or excess) * * * which would provide coverage to Mr. Garvey for injuries sustained in his automobile accident of January 20, 1995."

{¶ 3} Thereafter, Garvey filed a counterclaim against Nationwide and a cross-claim against Wausau seeking underinsured-motorist benefits. The Nationwide policy issued to Garvey contained $500,000 of underinsured-motorist coverage. The Wausau policy issued to Davey Tree contained $2,000,000 of underinsured-motorist coverage. As the basis for his claim against Wausau, Garvey alleges that he was in the course and scope of his employment with Davey Tree at the time of the accident.

{¶ 4} Nationwide moved for summary judgment "to establish th[e] fact" that "both the Wausau and the Nationwide policies provide primary coverage and apply on a pro-rata basis" to Garvey's underinsured-motorist claims. Nationwide argued that Garvey was an insured under the Wausau policy pursuant to *Scott–Pontzer v. Liberty Mut. Fire Ins. Co.* (1999), 85 Ohio St.3d 660, 710 N.E.2d 1116. The Wausau policy issued to Davey Tree identified the Davey Tree Company as the named insured and defined as an insured for the purposes of underinsured-motorist coverage, in relative part, as "you." Nationwide also argued that the Wausau policy provided primary coverage on a pro-rata basis. The Wausau policy provided that when coverage under the policy overlapped with coverage from other insurance, Wausau would pay "our share." The Wausau policy defined "our share" as "the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all other Coverage Forms and policies covering on the same basis."

{¶ 5} Wausau also moved for summary judgment seeking a ruling that Nationwide provided the primary underinsured-motorist coverage to Garvey and that any coverage under the Wausau policy was on an excess basis. Wausau argued that the underinsured-motorist coverage under its policy was not "other similar insurance" to the underinsured-motorist coverage provided by the Nationwide policy.

{¶ 6} Neither Garvey nor Davey Tree was involved in Nationwide's and Wausau's motions for summary judgment.

{¶ 7} On January 4, 2002, the trial court granted summary judgment in favor of Nationwide. The court issued the following declaration: "Pursuant to * * * *Scott–Pontzer v. Liberty Mutual Fire Insurance Co.*, 85 Ohio St.3d 660 [710 N.E.2d 1116] (1999), the Court finds both Plaintiff, Nationwide Insurance Company and Defendant, Wausau Insurance are primary UM/UIM carriers and the pro rata coverage is four to one Wausau Insurance Company to Nationwide Insurance Company in accordance with their respective total coverage."

{¶ 8} On February 6, 2002, Wausau filed a notice of appeal, docketed in this court as Case No. 2002–T–0018. On August 11, 2003, Wausau's appeal was dismissed as untimely.

{¶ 9} In November 2003, the Ohio Supreme Court limited *Scott–Pontzer* by restricting the availability of coverage thereunder to employees injured "within the course and scope of employment." *Westfield Ins. Co. v. Galatis,* 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, at paragraph two of the syllabus. However, the Supreme Court would continue to "follow *Scott–Pontzer* to the extent that it held that an employee in the scope of employment qualifies as 'you' as used in [an underinsured-motorist endorsement], and thus, is entitled to uninsured motorist coverage." Id. at ¶ 31.

{¶ 10} Wausau moved again for summary judgment. Wausau sought judgment that Garvey was not entitled to underinsured-motorist coverage under the Wausau policy as a matter of law, pursuant to *Galatis,* and that "Nationwide's claim to primary or pro-rata allocation of coverage must similarly fail as a matter of law." In the course of the briefing, Wausau raised the further argument that the *Galatis* decision affected the issue of whether Wausau provided primary or excess underinsured-motorist coverage. Both Nationwide and Garvey opposed Wausau's motion for summary judgment. Nationwide argued that the issues of "the existence of UM/UIM coverage for James Garvey and the pro-rata contribution ratio between Wausau and Nationwide" were res judicata. Garvey argued that he was entitled to coverage because he was injured in the course and scope of his employment, as determined by the Ohio Industrial Commission.

{¶ 11} On March 17, 2005, the trial court entered judgment denying Wausau's motion for summary judgment because a genuine issue of material fact exists whether Garvey was in the scope of his employment at the time of his injuries. The court also vacated its judgment of January 4, 2002, because the judgment "was based upon the then valid holding of the Ohio Supreme Court as set forth in *Scott–Pontzer.*" "In light of the intervening * * * Galatis decision," the court explained, "Wausau Insurance Company's UM/UIM coverage cannot be imposed by law under the principles previously set forth in *Scott–Pontzer.*"

{¶ 12} Although the denial of a motion for summary judgment is not a final, appealable order, a judgment vacating a grant of summary judgment is a final, appealable order. *McGeary v. Brocker* (2002), 94 Ohio St.3d 440, 763 N.E.2d 1175.

{¶ 13} Nationwide timely appeals the trial court's vacation of its January 4, 2002 judgment and raises the following assignment of error: "The trial court erred when it vacated a summary judgment previously awarded to appellant on January 4, 2002, concerning the issues of insurance coverage."

{¶ 14} Nationwide argues that the January 4, 2002 judgment constituted a final, appealable order and, therefore, the issue of insurance coverage is res judicata. We disagree.

{¶ 15} The issue of whether res judicata, as well as the law of the case doctrine, applies in a particular situation is a question of law that is reviewed under a de novo standard. *Rossow v. Ravenna* (Mar. 29, 2002), 11th Dist. No. 2001–P–0036, 2002 WL 480061, at ¶ 7 (res judicata); *Akron v. Holland Oil Co.*, 149 Ohio App.3d 14, 2002-Ohio-4150, 775 N.E.2d 573, at ¶ 27 (law of the case doctrine).

{¶ 16} We begin with the general observation that "the entire concept of 'final orders' is based upon the rationale that the court making an order which is not final is thereby retaining jurisdiction for further proceedings. A final order, therefore, is one disposing of the whole case or some separate and distinct branch thereof." *Lantsberry v. Tilley Lamp Co.* (1971), 27 Ohio St.2d 303, 306, 56 O.O.2d 179, 272 N.E.2d 127. "An order which adjudicates one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of R.C. 2505.02 and Civ.R. 54(B) in order to be final and appealable." *Noble v. Colwell* (1989), 44 Ohio St.3d 92, 540 N.E.2d 1381, syllabus.

{¶ 17} "Rule 54(B) makes mandatory the use of the language, 'there is no just reason for delay' " to render a judgment "which adjudicates * * * fewer than all the claims or the rights and liabilities of fewer than all the parties" appealable. Id. at 96, 540 N.E.2d 1381. The trial court's January 4, 2002 judgment entry stated that there was "no just cause for delay."

{¶ 18} However, the mere existence of the required Civ.R. 54(B) language "does not turn an otherwise non-final order into a final appealable order." *Noble*, 44 Ohio St.3d at 96, 540 N.E.2d 1381. "The order at issue must always fit into at least one of the three categories of final order set forth in R.C. 2505.02." Id.

{¶ 19} Under R.C. 2505.02, the only category arguably applicable to this case is that of an order "that affects a substantial right made in a special proceeding." A declaratory-judgment action is a special proceeding for the purposes of R.C. 2505.02. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.* (1989), 44 Ohio St.3d 17, 540 N.E.2d 266, at paragraph two of the syllabus. The right to enforce the terms of an insurance policy is generally considered a substantial right. *Browder v. Shea*, 10th Dist. No. 04AP–1217, 2005-Ohio-4782, 2005 WL 2210667, at ¶ 13, citing *Marsh v. State Auto. Mut. Ins. Co.* (1997), 123 Ohio App.3d 356, 358, 704 N.E.2d 280. However, in order to affect a substantial right, the order must "be one which, if not immediately appealable, would foreclose appropriate relief in the future." *Bell v. Mt. Sinai Med. Ctr.* (1993), 67 Ohio St.3d 60, 63, 616 N.E.2d 181.

{¶ 20} In the present case, the trial court's January 4, 2002 judgment entry did not affect a substantial right in that it did not foreclose appropriate relief in the

future. The January 4, 2002 judgment settled only the issue of whether the Nationwide and Wausau policies provided primary and excess coverage or whether both policies provided primary coverage. Any error in this determination may be redressed in a later appeal.

{¶ 21} The declaration that Nationwide and Wausau both provided primary coverage did not even resolve the claims raised by Nationwide in its amended complaint. Nationwide sought a declaration "confirm[ing] the existence and applicability of underinsured motorist coverage under all relevant policies." The question of whether Wausau provided primary or excess coverage is only one issue in Nationwide's overall claim.

{¶ 22} Contrary to Nationwide's position, the January 4, 2002 judgment entry did not resolve all issues regarding insurance coverage. Both Nationwide and Wausau raised defenses to Garvey's claims that would preclude coverage under their policies, such as late notice and failure to preserve subrogation rights. See *Hopkins v. Dyer*, 104 Ohio St.3d 461, 2004-Ohio-6769, 820 N.E.2d 329, at ¶ 22 (res judicata did not apply where issues of late notice remained unresolved). Nor did the January 4, 2002 judgment entry determine Garvey's status as an insured under the Wausau policy. The threshold question for determining whether Garvey is an insured under the Wausau policy is whether Garvey "was acting within the course and scope of [his] employment at the time of the accident." Id. at ¶ 20. Until the court determines the issue of whether Garvey was in the course and scope of his employment, his status as an insured under the Wausau policy is unresolved.

{¶ 23} Since there has been no final judgment regarding the issue of insurance coverage, the issue is not res judicata. See *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 382, 653 N.E.2d 226.

{¶ 24} We further hold that the doctrine of the law of the case does not prevent the trial court from applying *Galatis* to Garvey's claims. "[T]he doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 3, 11 OBR 1, 462 N.E.2d 410. In the present case, there has been no decision by a reviewing court regarding the joint applicability of underinsured-motorist coverage provided under the Nationwide and Wausau policies to Garvey's claims. Moreover, the Ohio Supreme Court has held that "the decision in *Galatis* constituted extraordinary circumstances that created an exception to the law-of-the-case doctrine." *Hopkins*, 104 Ohio St.3d 461, 2004-Ohio-6769, 820 N.E.2d 329, at ¶ 23. Thus, lower courts are obligated to apply *Galatis* to all pending cases. Id.

{¶ 25} For the foregoing reasons, the trial court was not barred from vacating its prior judgment. We disagree, however, with the trial court's conclusion that its January 4, 2002 judgment entry is in conflict with the decision in *Galatis*. Contrary to statements made by the lower court, underinsured-motorist coverage was not imposed by law on the Wausau policy under *Scott–Pontzer*. The Wausau policy contains an endorsement expressly providing uninsured- and underinsured-motorist coverage. Garvey's potential status as an insured under the Wausau policy is the result of the underinsured-motorist endorsement defining an insured, in relative part, as "you." This part of the *Scott–Pontzer* decision was upheld in *Galatis*. 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, at ¶ 31. We also note that the January 4, 2002 judgment dealt only with Nationwide's and Wausau's liability relative to overlapping underinsured-motorist coverage. Whether Garvey is an insured under the Wausau policy, as discussed above, is not an issue until it is determined that Garvey was in the course and scope of his employment. Although the lower court was entitled to vacate its prior judgment, it was not necessary to do so in order to apply *Galatis*.

{¶ 26} Nationwide's assignment of error is without merit.

{¶ 27} The judgment of the Trumbull County Court of Common Pleas, vacating its partial grant of summary judgment in favor of Nationwide, is affirmed.

Judgment affirmed.

FORD, P.J., and O'TOOLE, J., concur.