DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} The Appellant, Naomi Smith, appeals from the decision of the Summit County Court of Common Pleas, Domestic Relations Division, which found that she is not entitled to benefits that her ex-husband receives from the Ford Motor Company-UAW Retirement Plan. This Court affirms.
 I. {¶ 2} Appellant and Frank Smith were married in May 1955. The parties were divorced in March 1971. Since December 1995, appellant has filed numerous motions asking the trial court to amend the decree to declare that she is entitled to fifty percent of the benefits that her ex-husband receives from the Ford Motor Company-UAW Retirement Plan ("retirement plan"). The trial court ruled against appellant in each of the motions, finding that she is not entitled to the benefits that her ex-husband receives from the retirement plan.
 {¶ 3} On April 28, 2006, the trial court signed the Qualified Domestic Relations Order ("QDRO") filed by appellant. However, on May 18, 2006, the trial court filed a judgment entry nunc pro tunc vacating the April 28, 2006 QDRO.
 {¶ 4} Appellant timely appealed the trial court's May 18, 2006 order, setting forth three assignments of error. As all three assignments of error challenge the trial court's finding that she is not entitled to the benefits that her ex-husband receives from the retirement plan, they have been combined in order to facilitate this Court's review.
 II. FIRST ASSIGNMENT OF ERROR "NAOMI SMITH ERRED BY LACK OF KNOWLEDGE AND HELP."
 SECOND ASSIGNMENT OF ERROR "IT APPEARS THAT APPELLEE'S COUNSEL ERRED WITH FRAUDULENT LITIGATION AND DEPOSITION."
 THIRD ASSIGNMENT OF ERROR "IT APPEARS JUDGE CAROL J. DEZSO ERRED BY NOT SHOWING JUST CAUSE IN ALL HER ORDERS."
 {¶ 5} In her assignments of error, appellant sets forth various arguments as to why she feels the trial court erred in finding that she is not entitled to benefits that her ex-husband receives from the retirement plan. This Court finds that appellant's arguments lack merit.
 {¶ 6} Appellant and Frank Smith were divorced in March 1971. A separation agreement dated January 5, 1971, was incorporated into the divorce decree. Neither Appellant nor her ex-husband appealed from the final divorce decree. In 1995, Appellant filed the first of numerous actions seeking to challenge the final divorce decree. Each of Appellant's challenges was found to be without merit by the trial court. Appellant failed to appeal any of the trial court's judgments until the trial court's May 18, 2006 order. This Court finds that Appellant's arguments regarding her entitlement to a portion of the funds her ex-husband receives from the retirement plan could have been raised in a direct appeal of the original divorce decree and now are barred by res judicata. The doctrine of res judicata bars all subsequent actions based upon any claim arising out of a transaction or occurrence that was previously decided as a final and valid judgment in a prior action.Harris v. Lorain, 9th Dist. No. 02CA008099, 2003-Ohio-530, at ¶ 15. (Citations omitted). Consequently, Appellant's assignments of error are overruled.
 III. {¶ 7} Appellant's three assignments of error are overruled. The decision of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
SLABY, P. J. WHITMORE, J. CONCUR
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)