OPINION
{¶ 1} Plaintiff-appellant, FIA Card Services, appeals a decision of the Jefferson County Common Pleas Court overruling its motion to confirm and enforce an arbitration award against defendant-appellee, James Wood.
 {¶ 2} On September 12, 2007, FIA filed a motion and application pursuant to R.C. 2711.09 to confirm and enforce an arbitration award of $25,174.97 on a credit card debt owed to it by Wood. FIA attached a copy of the March 22, 2007 arbitration award and a copy of an unsigned cardholder agreement setting forth an arbitration provision. The case was assigned number 07CV483. Wood filed a reply motion and a cross motion to vacate the arbitration award contending the arbitrator had no jurisdiction to make the award because there was no credit card agreement signed by Wood. Wood attached a letter from FIA's predecessor, MBNA, stating that it did not have a copy of the signed cardholder agreement because it did not keep copies on file of applications older than five years. Additionally, Wood attached a copy of a letter from his attorney to MNBA indicating that Wood's wife, not him, signed the agreement, and had filed for bankruptcy protection. The trial court held a hearing on the application on October 1, 2007, and on October 3, 2007, the court filed an entry overruling the motion. FIA did not appeal that decision.
 {¶ 3} Approximately six months later on March 26, 2008, FIA filed another motion and application pursuant to R.C. 2711.09 to confirm and enforce the arbitration award owed to it by Wood. Again, FIA attached a copy of the March 22, 2007 arbitration award and a copy of the cardholder agreement. The case was assigned number 08CV200 and was set for hearing on April 14, 2008. On April 11, 2008, Wood filed a reply motion and a cross motion to vacate the arbitration award. Again, Wood argued that the arbitrator had no jurisdiction to make the award because there was not a credit card agreement signed by him. This time, he also argued that res judicata and estoppel based on the previous case prevented judgment in FIA's favor and that FIA's motion was beyond the one year statute of limitations for filing such motions. The trial court heard the matter on April 14, 2008, *Page 2 
and on April 21, 2008, the court filed an entry overruling FIA's motion. This appeal followed.
 {¶ 4} FIA's sole assignment of error states:
 {¶ 5} "THE TRIAL COURT PREJUDICIALLY ERRED AND ABUSED ITS DISCRETION BY OVERRULING APPELLANT'S MOTION TO CONFIRM ARBITRATION AWARD."
 {¶ 6} FIA argues that a trial court has no discretion and must grant an application to confirm an arbitration award unless the award is properly vacated, modified, or corrected.
 {¶ 7} The jurisdiction of the courts to review arbitration awards is narrow and limited pursuant to legislative decree. Warren Edn. Assn. v.Warren City Bd. of Edn. (1985), 18 Ohio St.3d 170, 18 OBR 225,480 N.E.2d 456. When a party to an arbitration award makes a timely motion pursuant to R.C. 2711.09 to confirm the award, the court must grant the motion unless a timely motion for modification or vacation has been made and cause to modify or vacate is shown. Id. at syllabus. The trial court is precluded from examining the actual merits upon which the arbitration award was based. Ford Hull-Mar Nursing Home, Inc. v. Marr, Knapp,Crawfis Assoc, Inc. (2000), 138 Ohio App.3d 174, 179, 740 N.E.2d 729. Instead, it is limited to reviewing the record for fraud, corruption, misconduct, or improprieties of the arbitrator. Russo v. Chittick
(1988), 48 Ohio App.3d 101, 104, 548 N.E.2d 314, citing Goodyear Tire Rubber Co. v. Local Union No. 200 (1975), 42 Ohio St.2d 516,71 O.O.2d 509, 330 N.E.2d 703. The trial court is without authority to review the arbitrator's legal and factual conclusions. Id.
 {¶ 8} R.C. 2711.09, which governs an application for an order confirming an arbitration award, provides:
 {¶ 9} "At any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award. Thereupon the courtshall grant such an order and enter *Page 3 
judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code." (Emphasis added.)
 {¶ 10} In addition, R.C. 2711.13 states:
 {¶ 11} "After an award in an arbitration proceeding is made, any party to the arbitration may file a motion in the court of common pleas for an order vacating, modifying, or correcting the award as prescribed in sections 2711.10 and 2711.11 of the Revised Code.
 {¶ 12} "Notice of a motion to vacate, modify, or correct an awardmust be served upon the adverse party or his attorney within three months after the award is delivered to the parties in interest, as prescribed by law for service of notice of a motion in an action." (Emphasis added.)
 {¶ 13} When read together, R.C. 2711.09 and R.C. 2711.13 state that upon application of a party to confirm an arbitrator's award, the court must confirm the award unless another party files a motion to vacate, modify, or correct the award.
 {¶ 14} Here, the arbitration award was made on March 22, 2007. However, Wood did not file a motion to vacate the award until September 27, 2007 in case no. 07CV483, well after the three month statutory time limit. Thus, in that case, the court should have confirmed the award. However, FIA never appealed that decision.
 {¶ 15} The order FIA appealed from involves its second motion to confirm filed in case no. 08CV200. FIA filed that motion on March 26, 2008, four days beyond the one year statutory time limit required for the filing of such motions under R.C. 2711.09. FIA argues that it was justified in filing the belated second motion because the trial court's decision concerning the first motion in case no. 07CV483 left it with an "unappealable" judgment and it was acting in accordance with the trial court's unnecessary request to gather more documents to prove Wood as the debtor. Apparently, in case no. 07CV483, the court had indicated that it would not confirm the award unless FIA produced a cardholder agreement bearing Wood's signature.
 {¶ 16} The Eighth District Court of Appeals has held that the one year specification in "R.C. 2711.09 is not tantamount to a statute of limitations. In the *Page 4 
interest of judicial economy the common pleas court has the discretion to permit summary application for confirmation within a reasonable time beyond one year, for good cause shown, if no prejudice occurs to the opposing party by the filing of the motion beyond said period."Russo v. Chittick (1988), 48 Ohio App.3d 101, 548 N.E.2d 314, 315, paragraph three of the syllabus. The Ninth and Eleventh District Court of Appeals are in accord. NCO Portfolio Mgt. Inc. v. Lewis, 9th Dist. No. 06CA009001, 2007-Ohio-3965, at ¶ 6; Citigroup Global Markets, Inc.v. Masek, 11th Dist. No. 2006-T-0052, 2007-Ohio-2301, at ¶ 22.
 {¶ 17} Here, it is questionable whether FIA demonstrated good cause for the late filing of the second motion. On one hand, they filed the exact same motion with the same attachments as it had previously. It did not produce the signed agreement which FIA claims the court was requiring. On the other hand, although it has not been decided in this district, it appears to be well-settled in other areas of the state that a signed cardholder agreement is unnecessary. However, the issue is irrelevant because FIA did not appeal the ruling on its first motion to confirm (case no. 07CV483) and instead simply refiled the same motion in an entirely separate case six months later (case no. 08CV200). Aside from the obvious question of "judge shopping," this circumstance implicates the law-of-the-case doctrine and/or res judicata.
 {¶ 18} Which doctrine applies to a particular case is a question of law. Nationwide Ins. Co. v. The Davey Tree Expert Co.,166 Ohio App.3d 268, 2006-Ohio-2018, 850 N.E.2d 127, at ¶ 15. The Ohio Supreme Court provided a review of the law-of-the-case doctrine in Nolan v. Nolan
(1984), 11 Ohio St.3d 1, 11 OBR 1, 462 N.E.2d 410. It explained:
 {¶ 19} "[T]he doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.
 {¶ 20} "The doctrine is considered to be a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results. *Page 5 
However, the rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution.
 {¶ 21} "In pursuit of these goals, the doctrine functions to compel trial courts to follow the mandates of reviewing courts. Thus, where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law." (Internal citations omitted.) Id. at 3-4, 11 OBR 1, 462 N.E.2d 410.
 {¶ 22} The doctrine of res judicata consists of two related concepts — claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel).Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, 381, 653 N.E.2d 226. Claim preclusion holds that a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action. Ft. Frye Teachers Assn., OEA/NEA v. State Emp.Relations Bd. (1998), 81 Ohio St.3d 392, 395, 692 N.E.2d 140. Issue preclusion holds that a fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different. Id.
 {¶ 23} While the merger and bar aspects of res judicata have the effect of precluding the relitigation of the same cause of action, the issue preclusion aspect prevents the relitigation, in a second action, of an issue that has been actually and necessarily litigated and determined in a prior action that was based on a different cause of action. Id. Under the rule of issue preclusion, "`even where the cause of action is different in a subsequent suit, a judgment in a prior suit may nevertheless affect the outcome of the second suit.' Id. [White v.Gen. Tel. Co. (1969), 20 Ohio St.2d 108] at 112, 49 O.O.2d 435, 254 N.E.2d 10." *Page 6 
 {¶ 24} Arguably, in this case either or both doctrines are applicable — the same exact issue was decided in two separate, individual cases by two different trial court judges. Because this involves twoseparate (albeit identical) cases and the law-of-the-case doctrine is generally confined to cases in which a litigant attempts to relitigate issues after an appeal from a final order has been taken in thatsame case, res judicata would seem to be the more appropriate doctrine to follow. Here, however, because the two cases are exactly identical, they are in a sense (if not really) a continuation of the same case that just happens to bear two different case numbers. Also, the Ohio Supreme Court has likened the law-of-the-case doctrine to issue preclusion, an aspect of res judicata. Hubbard ex rel. Creed v. Sauline (1996),74 Ohio St.3d 402, 404-405, 659 N.E.2d 781. Thus, to the extent the law-of-the-case doctrine is just a separate incarnation of the issue preclusion aspect of res judicata, both doctrines apply to this case.
 {¶ 25} Concerning res judicata, FIA makes the peculiar argument that the doctrine does not apply because the trial court's ruling on its first motion and application to confirm in the previous case left it with an "unappealable" judgment. Indeed, the trial court simply overruled FIA's first motion. It did not modify, correct, confirm, or vacate the arbitrator's award as it was required to do under statute. However, the trial court made the exact same ruling (by a different judge) on FIA's second motion. Thus, applying FIA's theory to its logical end, if the first ruling was "unappealable," then the second ruling which they chose to appeal would likewise be "unappealable." However, FIA maintains that the second ruling was somehow rendered appealable by the trial court's statement to FIA to "quit it" and "go home."
 {¶ 26} Ohio Revised Code Chapter 2711, which governs arbitration, contains a specific provision governing the appeal of a trial court's ruling on an arbitration award. R.C. 2711.15 states, "An appealmay be taken from an order confirming, modifying, correcting, or vacating an award made in an arbitration proceeding or from judgment entered upon an award." (Emphasis added.) *Page 7 
 {¶ 27} Wood makes the equally peculiar argument that under this provision the order appealed from in this case (i.e., the April 21, 2008 order in case no. 08CV200) is not a final, appealable orderand, even if it is, then res judicata barred the claim.
 {¶ 28} As Wood correctly notes, the trial court's order in this case did not confirm, modify, correct, or vacate the arbitration award, it simply "overruled" FIA's "motion and application to confirm and enforce" the award. However, R.C. 2711.15's language is permissive, not mandatory. Thus, just because the trial court's order did not confirm, modify, correct, or vacate the arbitration award does not mean that the order may still not qualify as a final, appealable order.
 {¶ 29} Normally, an order is not final and appealable unless it falls into one of the categories listed in R.C. 2505.02(B). See Chef ItalianoCorp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, 541 N.E.2d 64, syllabus. R.C. 2505.02(B) provides:
 {¶ 30} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 31} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 32} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 33} "(3) An order that vacates or sets aside a judgment or grants a new trial;
 {¶ 34} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 35} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 36} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action. *Page 8 
 {¶ 37} "(5) An order that determines that an action may or may not be maintained as a class action;
 {¶ 38} "(6) An order determining the constitutionality of any changes to the Revised Code made by Am. Sub. S.B. 281 of the 124th general assembly, including the amendment of sections 1751.67, 2117.06, 2305.11,2305.15, 2305.234, 2317.02, 2317.54, 2323.56, 2711 .21, 2711.22, 2711.23, 2711.24, 2743.02, 2743.43, 2919.16, 3923.63, 3923.64, 4705.15, and 5111.018, and the enactment of sections 2305.113, 2323.41, 2323.43, and 2323.55 of the Revised Code or any changes made by Sub. S.B. 80 of the 125th general assembly, including the amendment of sections 2125.02,2305.10, 2305.131, 2315 .18, 2315.19, and 2315.21 of the Revised Code."
 {¶ 39} Turning to the statutory definition, on its face, the trial court's October 3, 2007 judgment entry in case no. 07CV483 does not implicate R.C. 2505.02(B)(3), (5), and (6). The order did not vacate or set aside a judgment or grant a new trial, and the case did not involve a class action or the constitutionality of tort reform.
 {¶ 40} Nor did the trial court's October 3, 2007 judgment entry fall within R.C. 2505.02(B)(4)'s provision concerning a provisional remedy. A provisional remedy is defined as "a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, suppression of evidence, a prima-facie showing pursuant to section 2307.85 or 2307.86
of the Revised Code, a prima-facie showing pursuant to section 2307.92
of the Revised Code, or a finding made pursuant to division (A)(3) of section 2307.93 of the Revised Code." R.C. 2505.02(A)(3).
 {¶ 41} Here, the underlying action is simply an application to confirm an arbitration award. It does not involve a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or the suppression of evidence. It also does not involve a prima-facie showing of physical impairment for certain tort actions involving silica exposure, mixed dust exposure, and asbestos exposure (i.e., R .C. 2307.85, 2307.86, 2307.92, and 2307.93). *Page 9 
 {¶ 42} Turning to R.C. 2505.02(B)(1) (2), the trial court's October 3, 2007 judgment entry again seems to fit. Both subsections require that the order affect a substantial right. R.C. 2505.02(A)(1) defines a substantial right as follows:
 {¶ 43} "`Substantial right' means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect."
 {¶ 44} "An order that affects a substantial right has been perceived to be one which, if not immediately appealable, would foreclose appropriate relief in the future. Bell v. Mt. Sinai Med. Ctr. (1993),67 Ohio St.3d 60, 63, 616 N.E.2d 181 * * *." DeAscentis v. Margello, 10th Dist. No. 04AP-4, 2005-Ohio-1520, at ¶ 19.
 {¶ 45} In this case, the trial court's October 3, 2007 decision affected a substantial right of FIA. FIA obtained an arbitration award against Wood and timely filed a motion and application to have that award confirmed and enforced. Wood did not timely file his motion to vacate. Therefore, the trial court was required to grant the motion.Warren Edn. Assn. v. Warren City Bd. of Edn. (1985), 18 Ohio St.3d 170,18 OBR 225, 480 N.E.2d 456, syllabus. While it is true that the court did not vacate, modify, or correct the arbitration award, in overruling FIA's application it effectively determined the action and prevented a judgment in its favor. It was apparent that FIA was going to be unable to produce a cardholder agreement signed by Wood. Additionally, "[a]rbitration actions qualify as special proceedings because arbitration was not recognized at common law or equity, and was legislatively provided for in R.C. Chapter 2711." Kelm v. Kelm (1994),93 Ohio App.3d 686, 691, 639 N.E.2d 842, citing Stewart v. MidwesternIndemn. Co. (1989), 45 Ohio St.3d 124, 128, 543 N.E.2d 1200 (Douglas, J., dissenting). Thus, the October 3, 2007 decision qualified as a final, appealable order under R.C. R.C. 2505.02(B)(1) (2). Regardless of whether that decision was right or wrong, FIA did not appeal that final order. Instead, it filed another application in a new and separate case. Consequently, res judicata/law-of-the-case operated to bar relitigation of the issue/claim.
 {¶ 46} Accordingly, FIA's sole assignment of error is without merit. *Page 10 
 {¶ 47} The judgment of the trial court is hereby affirmed.
Vukovich, P.J., concurs.
Waite, J., concurs in judgment only. *Page 1