[Cite as *Cornell v. Rudolph Foods, Inc.*, 2011-Ohio-4322.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

N. THOMAS CORNELL,

    PLAINTIFF-APPELLANT,               CASE NO.  1-10-89

    v.

JOHN RUDOLPH, ET AL.,             O P I N I O N

    DEFENDANTS-APPELLEES.

Appeal from Allen County Common Pleas Court
Trial Court No. CV 2010 0057

**Judgment Affirmed**

Date of Decision:   August 29, 2011

APPEARANCES:

    *John F. Murray and Robert H. Miller*  for Appellant

    *Matthew C. Huffman*  for Appellees

**WILLAMOWSKI, J**.

{¶1} Although this appeal has been placed on the accelerated calendar, this court elects to issue a full opinion pursuant to Loc.R. 12(5).

{¶2} Plaintiff-Appellant, N. Thomas Cornell ("Cornell"), appeals a judgment of the Allen County Court of Common Pleas granting summary judgment in favor of Defendants-Appellees, John Rudolph, Mary Rudolph, and Rudolph Foods Company, Inc. (collectively, "the Appellees"). On appeal, Cornell contends that the trial court erred when it held that his declaratory judgment action to determine his ownership interest in Rudolph Foods was barred by the statute of limitations and res judicata. For the reasons set forth below, the judgment is affirmed.

{¶3} On November 3, 1990, Cornell married Susan Cornell, nee Rudolph ("Susan"). Susan's parents, John and Mary Rudolph ("Mr. Rudolph" and "Mrs. Rudolph"), are founders, officers, and shareholders of Rudolph Foods Company, Inc. ("Rudolph Foods" or "the Company"), a family-owned business. Susan and her five siblings also had stock/ownership interests in Rudolph Foods at the time of her marriage to Cornell. Shortly after their marriage, Susan wrote a check to her parents on December 31, 1990, for $20,000 ("the Check") from the couple's joint checking account. Cornell claims that Susan and her brother, Phil Rudolph, told him that the money was used to purchase shares in Rudolph Foods. Phil

Rudolph was also an officer and shareholder of the Company at the time, but he is now deceased. Susan denies that this was the purpose of the check.

{¶4} Some fifteen years later, in early 2006, Cornell began the process of accounting for his assets because he and Susan were experiencing marital difficulties and were contemplating divorce. Cornell requested a certificate for the stock in the Company. It was at this time that he claims that he learned that no stock had been issued and he was told that he did not have an interest in the Company.

{¶5} Approximately three years later, on May 28, 2009, the couple's Agreed Judgment Entry Final Decree of Divorce ("Decree") was filed in Allen County Court of Common Pleas, Domestic Relations Division, Case No. DR 2008-0060. In the divorce decree, Susan was awarded her premarital interest in Rudolph Foods. The Decree further stated that each party was to retain all checking accounts, savings accounts, stocks and bonds in their respective names free and clear of any claim of the other, relinquishing any and all rights in said assets. And finally, the Decree contained a release and discharge clause stating that "the parties agree that all matters arising out of their marital relationship are fully and completely adjusted and settled * * *." However, Cornell now asserts that neither the purpose of the Check nor the ownership of any stock allegedly purchased with the Check, was litigated, contested, or addressed in any way

during the divorce proceedings. (Cornell's Affidavit, Ex. A to Memorandum in Opposition to Motion for Summary Judgment.)

{¶6} On January 19, 2010, Cornell filed a complaint for declaratory judgment against the Appellees, requesting a declaration by the court that Cornell has an ownership interest in Rudolph Foods as a result of the Check paid to Mr. and Mrs. Rudolph; or, in the alternative, a declaration that he is entitled to the return of the $20,000. The Appellees denied all of the allegations; they asserted that the check was never used to purchase any stock in the Company; they raised numerous affirmative defenses (including res judicata and statute of limitations); and, they filed a counterclaim for abuse of process for bringing a false, fraudulent, and malicious action.

{¶7} The Appellees moved for summary judgment, claiming that Cornell's claims were barred by collateral estoppel, by the statute of limitations, and by the terms of the divorce decree, which had already settled all of the couple's property issues. Cornell opposed the motion, claiming that material facts in the case were very much in dispute; that his claim was not collaterally estopped because the Appellees were neither parties nor privities in the divorce proceedings; and, that the statute of limitations was tolled by the discovery rule because Cornell did not discover that his claims to stock ownership were disputed until sometime after January 2006, when his request for a stock certificate was denied.

{¶8} On November 22, 2010, the trial court filed its judgment entry granting summary judgment in favor of the Appellees because Cornell's claims were barred by the statute of limitations and they were also barred by res judicata because "any claims and/or marital property that [Cornell] thought he possessed as a result of the check written in 1990 and/or discovered in 2006 was clearly disposed of in the Final Judgment Entry [of the Divorce Decree.]" (Nov. 22, 2010 J.E., p. 7.) Although the Appellees still have a counter claim pending in the case, the trial court stated that its decision resolving this cause of action was a final judgment pursuant to Civ.R. 54(B) and that there was no just cause for delay.

{¶9} Cornell now appeals this judgment, raising the following two assignments of error.

### First Assignment of Error

**The trial court erred as a matter of law in finding that [Cornell's] claim was barred by the applicable statute of limitations.**

### Second Assignment of Error

**The trial court erred as a matter of law in finding that [Cornell's] claim was barred by collateral estoppel and/or res judicata.**

{¶10} An appellate court reviews a summary judgment order de novo. *Hillyer v. State Farm Mut. Auto. Ins. Co.* (1999), 131 Ohio App.3d 172, 175, 722 N.E.2d 108. Pursuant to Civ.R. 56(C), summary judgment may be granted when:

(1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his or her favor. *Horton v. Harwick Chemical Corp.*, 73 Ohio St.3d 679, 686-687, 1995-Ohio-286, 653 N.E.2d 1196.

{¶11} The party moving for summary judgment has the initial burden of producing some evidence which demonstrates the lack of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 1996-Ohio-107, 662 N.E.2d 264. Once the moving party meets its initial burden, the nonmoving party must then produce competent Civ.R. 56(C) evidence demonstrating that there is a genuine, material issue for trial. Id. at 293. In order to defeat summary judgment, the nonmoving party must produce evidence beyond allegations set forth in the pleadings and beyond conclusory statements in an affidavit. *Miller v. Potash Corp. of Saskatchewan, Inc.*, 3d Dist. No. 1-09-58, 2010-Ohio-4291, ¶13.

{¶12} As a preliminary issue, Cornell claims that summary judgment is not appropriate in this case because there is a genuine issue of material fact. Susan and her family have stated in their affidavits that the Check was not used to purchase any Rudolph Foods stock and that no stock was ever issued to Cornell. Cornell's affidavit states that "I have an ownership interest in some stock in

Defendant Rudolph Foods \*\*\* as a result of the $20,000 paid to Defendants John and Mary Rudolph \*\*\*" and that he was told by Phil Rudolph that stock had been purchased for Cornell and Susan. However, Cornell has not provided evidence that any such stock exists, other than his conclusory, self-serving affidavit and an asserted hearsay statement from Susan's deceased brother. "Generally, a party's unsupported and self-serving assertions, offered by way of affidavit, standing alone and without corroborating materials under Civ.R. 56, will not be sufficient to demonstrate material issues of fact. Otherwise, a party could avoid summary judgment under all circumstances solely by simply submitting such a self-serving affidavit containing nothing more than bare contradictions of the evidence offered by the moving party." (Citations omitted.) *TJX Cos., Inc. v. Hall*, 183 Ohio App.3d 236, 2009-Ohio-3372, 916 N.E.2d 862, ¶30.

{¶13} In any case, we do not find these factual differences to be material to deciding the issues in this case pertaining to estoppel, res judicata and the statute of limitations. All agree that Susan wrote the Check to her parents in late 1990. In construing the "facts" in favor of Cornell, it does not matter whether he is trying to settle the disposition of the $20,000 Check or any stock that may or may not have been purchased with the $20,000. In either case, the outcome of our decision is not affected.

{¶14} We shall begin our review of the trial court's decision with the second assignment of error. Cornell claims that res judicata does not bar his current claims because the decree only addresses Susan's *premarital* stock interest in Rudolph Foods;[1] not any interest acquired after the date of the marriage. While the decree states that Cornell will have no interest in Susan's premarital property, Cornell claims that it is "completely silent" as to the Check and stock purchased with the Check, which would be the "joint marital property of [Cornell] and Susan." (Appellant's Br., p. 8.) Furthermore, Cornell argues that the Appellees were not a party or in privity to the divorce action, so res judicata and the decree's "release and discharge" language does not apply to them.

{¶15} The real issue at hand is not whether the Appellees owe Cornell any stock, but rather, it involves the disposition of property from the couple's marriage and the determination as to who is entitled to that property. The determination as to whether the $20,000 (or any property that may have been purchased with the Check) was marital property or whether it was separate property, and how it was to be divided, was a matter to be decided at the time of the divorce by the domestic

---

[1]The divorce decree stated that "[Susan] is the owner of an interest in Rudolph Foods, Inc., it's premarital property, and a general partnership known as Westminster Properties and shall continue to retain all right, title and interest to that, [Cornell] shall have no interest in any of that property." (Divorce Decree, p. 7.) Cornell was granted his entire interest in Cornell Cottage LLC, Cornell & Finkelmeier, Inc., Insurance Agency, C&F Properties, LLC, and five other limited liability companies listed in the decree.

relations court. See R.C. 3105.171(B) (stating that in divorce proceedings, the court shall determine what constitutes marital property, what constitutes separate property, and "the court shall divide the marital and separate property equitably between the spouses" because the domestic relations court "has jurisdiction over all property in which one or both spouses have an interest.")

{¶16} We do not know why Cornell failed to raise this mater at the time of the divorce proceedings. Civ.R. 75(B) allows for the joinder of parties in a divorce action and states in pertinent part that, "[a] person or corporation having possession of [or] control of *** an interest in property *** out of which a party seeks a division of marital property *** may be made a party defendant." Civ.R. 75(B)(1); *Maloney v. Maloney*, 160 Ohio App.3d 209, 2005-Ohio-1368, 826 N.E.2d 864, ¶56. Cornell was fully aware of this issue with the Check/stock/property during his divorce proceedings. He could have, and should have, joined the Appellees at that time to resolve any issues pertaining to the ownership/disposition of the money/property resulting from the disbursement of the Check. Cornell failed to join the Appellees to resolve the matter at that time and now he is attempting to say that the issue of the money/property related to the Check was not addressed in the divorce decree. It was Cornell himself who was responsible for this specific issue not being brought up at the time of the divorce proceedings. Although not mentioning the Check/stock specifically, the Decree

divided all of the couples' property and declared that all of the property from the marriage had been divided and that all such matters were fully and completely settled. Therefore, we find that Cornell is now estopped from attempting to litigate this matter after having had a full opportunity to settle all property issues at the time of the divorce.[2]

{¶17} Cornell's cause of action against the Appellees appears to be an attempt to circumvent the couple's divorce Decree and modify the final property division. Not only does R.C. 3105.171(I)[3] prohibit a court from modifying a prior property division, but Cornell's effort to do so is barred by res judicata, i.e., collateral estoppel, in this case.

{¶18} Cornell argues that collateral estoppel, also known as "issue preclusion," is not applicable because the Appellees were not a party to the divorce action. This assertion is not based on a correct application of the concept of collateral estoppel. Collateral estoppel prevents parties or their privies from re-litigating facts and issues that were already decided in a previous case. *Thompson*

---

[2] Furthermore, Cornell never appealed the final divorce decree. See, e.g., *Smith v. Smith*, 9th Dist. No. 23278, 2007-Ohio-512, ¶6 (finding that appellant's arguments regarding entitlement to funds could have been raised in a direct appeal of the original divorce decree and now are barred by res judicata, as the doctrine of res judicata bars all subsequent actions based upon any claim arising out of a transaction or occurrence that was previously decided as a final and valid judgment in a prior action.)

[3] 2010 H.B. 238, effective September 8, 2010 amended R.C. 3105.171(I) to provide that a court may modify a prior property division "upon the express written consent or agreement to the modification by both spouses." Because the divorce and post-decree proceedings occurred before the effective date of this amendment, we apply the statute as it was previously written.

*v. Wing* (1994), 70 Ohio St.3d 176, 183, 637 N.E.2d 917, 923. The division of marital property was decided in the Decree. Collateral estoppel basically states that "[a] party precluded under the principle from relitigating an issue with an opposing party *likewise is precluded from doing so with another person* unless he lacked full and fair opportunity to litigate that issue in the first action, or unless other circumstances justify according him an opportunity to relitigate that issue." (Emphasis added.) *Hicks v. De La Cruz* (1977), 52 Ohio St.2d 71, 74, 369 N.E.2d 776, citing the Restatement of the Law 2d, Judgments.

{¶19} Cornell had a full and fair opportunity to settle all issues pertaining to all property owned by the parties, or either of the parties, with his former wife during the divorce proceedings and is precluded from relitigating those matters with her. Likewise, he is also precluded from relitigating a matter of a property issue now with the Appellees. See id. Therefore, the Appellees are asserting defensive collateral estoppel against Cornell. Cornell was a party in the prior divorce/property settlement action, and he is the party "against whom collateral estoppel is asserted." See *Thompson v. Wing*, supra. For collateral estoppel to apply, the strict rule of mutuality of parties, usually applicable to res judicata determinations, is relaxed, and the party seeking to apply the doctrine need show only that the party against whom the doctrine is asserted (Cornell herein) previously had his day in court and was permitted to fully litigate the specific issue

sought to be raised in the latter action (the disposition of the marital property). See *Mitchell v. Internatl. Flavors & Fragrances, Inc.*, 179 Ohio App.3d 365, 2008-Ohio-3697, 902 N.E.2d 37, ¶¶26-27; *Schroyer v. Frankel* (C.A. 6, 1999), 197 F.3d 1170, 1178 (applying Ohio law).  See, also, *McAdoo v. Dallas Corp.* (C.A.6, 1991) 932 F.2d 522, 524-25 (discussing Ohio law pertaining to mutuality in defensive collateral estoppel cases).  The divorce Decree was a final judgment settling the matter of all property owned by the couple or either of them.

{¶20} The domestic relations court was charged with deciding all issues pertaining to Cornell and Susan's marital and separate property division.  Cornell could have and should have previously raised the issue then.  He did not.  Cornell is now estopped from trying to now litigate this property issue under the guise of a different cause of action.  Cornell's claims are barred by res judicata (defensive collateral estoppel) and his second assignment of error is overruled.

{¶21} Based on this finding, there is no need to review the first assignment of error pertaining to the statute of limitations.  Having found no error prejudicial to the Appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**SHAW and PRESTON, J.J., concur.**

**/jlr**