[Cite as *Kobal v. Kobal*, 2022-Ohio-812.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| JOHN E. KOBAL, | : | |
| Plaintiff-Appellant, | : | No. 110317 |
| v. | : | |
| JONATHAN D. KOBAL, ET AL., | : | |
| Defendants-Appellees. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** March 17, 2022

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-933361

### *Appearances:*

John E. Kobal, *pro se.*

Darren W. DeHaven, *for appellees.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Appellant John E. Kobal appeals the trial court's dismissal of his complaint in which he alleged multiple causes of action against appellees Jonathan D. Kobal, Christopher J. Kobal, Shylah Kobal, and Kathleen M. Kobal. Because the trial court erred in ruling upon the motion to dismiss by not converting the motion

to dismiss into a motion for summary judgment, we reverse the judgment of the trial court and remand this case to the trial court for further proceedings consistent with this opinion.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Appellant filed a complaint on June 15, 2020. The complaint alleged that appellant transferred the property at 6014 Velma Avenue, Parma, Ohio (the "Velma property") to his then wife, Kathleen Kobal, in 1993 in order to shield the property from potential creditors. The complaint also alleged that in 2006, while facing incarceration,[1] he executed a general power of attorney to Kathleen Kobal. Appellant further alleged that in 2010, Kathleen Kobal transferred the Velma property to Jonathan D. Kobal and Christopher Kobal, reserving a life interest for herself. He also states in the complaint that in 2015, there was a trial during the divorce case with Kathleen Kobal and attached excerpts of the transcript from that trial to the complaint. Appellant further attached the 1993 deed transferring the Velma property, the 2006 power of attorney, and the 2010 deed transferring the Velma property. In the four designated counts of the complaint, appellant outlined varying theories that Kathleen Kobal committed fraud or breached certain contractual duties in the 2010 transfer of the Velma property. Appellant also sought

---

[1] Appellant was sentenced to a 14-year prison sentence in *State v. Kobal*, Cuyahoga C.P. No. CR-06-487194-A (Mar. 26, 2007).

an accounting of all his personal property that was in the Velma property at the time of the transfer.

{¶ 3} In answering the complaint, appellees admitted that appellant transferred his interest in the Velma property to Kathleen Kobal in 1993, that appellant executed the power of attorney in 2006, and that Kathleen Kobal gifted the Velma property to Jonathan D. Kobal and Christopher Kobal. Appellees also asserted several affirmative defenses to include that the complaint failed to state a claim upon which relief could be granted, the complaint was barred by the statute of limitations, and the complaint was barred by res judicata because the claims were "addressed by the Cuyahoga County Domestic Relations Court, affirmed by the Eighth District Court of Appeals, and/or dismissed by Judgment Entry of the Cuyahoga County Court of Common Pleas, General Division."

{¶ 4} After answering the complaint, appellees filed a joint motion to dismiss the complaint in which they argued that the complaint should be dismissed on the basis of res judicata. Appellees attached the magistrate's decision in the divorce case, the trial court's ruling on the objections to the magistrate's decision, and our opinion affirming the judgment. They argued that the first and third counts of the complaint, which alleged wrongdoing in Kathleen Kobal's transfer of the Velma property, was litigated in the divorce case which appeal was determined in *Kobal v. Kobal*, 2018-Ohio-1755, 111 N.E.3d 804 (8th Dist.). Appellees argued that appellant's demand for an accounting for his personal belongings outlined in the second count of the complaint was also resolved in the domestic relations court.

{¶ 5} Finally, appellees argued that as to the fourth count of the complaint alleging a fraudulent transfer of property that 1) appellant had no standing to bring any fraudulent claim against Kathleen Kobal under Ohio's Uniform Fraudulent Transfer Act, and 2) even if he had standing, the statute of limitations had expired. Further, appellees argued that the issue of fraud was raised in the divorce proceedings and the court found that the transfer of the property was not done for any improper purpose.

{¶ 6} Appellant filed a response to the motion to dismiss to which he added facts that were not detailed in the complaint. He attached exhibits to the response, to include excerpts from the domestic relations case, excerpts from notes to 2015 H.B. 432, December 2008 and March 2009 corporate account statements, and a copy of a general power of attorney. Appellant argued that res judicata did not preclude his filing of the complaint because of false or fraudulent statements by Kathleen Kobal and her counsel during the divorce proceedings. Further, appellant claimed that discovery was necessary to develop facts in support of his complaint.

{¶ 7} On February 3, 2021, the trial court dismissed the complaint on the doctrine of res judicata, noting that "all of the counts in the complaint have been previously adjudicated in other court proceedings."

## II. LAW AND ARGUMENT

### A. Applicable law and standards of review

{¶ 8} The trial court granted the motion to dismiss by applying the doctrine of res judicata. "'The issue of whether res judicata * * * applies in a particular

situation is a question of law that is reviewed under a de novo standard.'" *Hempstead v. Cleveland Bd. of Edn.*, 8th Dist. Cuyahoga No 90955, 2008-Ohio-5350, ¶ 6, quoting *Gilchrist v. Gonsor*, 8th Dist. Cuyahoga No. 88609, 2007-Ohio-3903, ¶ 18, citing *Nationwide Ins. Co. v. Davey Tree Expert Co.*, 166 Ohio App.3d 268, 2006-Ohio-2018, 850 N.E.2d 127 (11th Dist.).

{¶ 9} The de novo standard of review provides no deference to the trial court's decision, and the court independently reviews the record to determine if res judicata is appropriate. *Id.* "Under the doctrine of res judicata, '[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transactions or occurrence that was the subject matter of the previous action.'" *Kirkhart v. Keiper*, 101 Ohio St.3d 377, 2004-Ohio-1496, 805 N.E.2d 1089, ¶ 5, quoting *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995), syllabus. In other words, res judicata serves to bar claims that were brought and those that "were or might have been litigated in a first lawsuit." *Rogers v. Whitehall*, 25 Ohio St.3d 67, 69, 494 N.E.2d 1387 (1986).

{¶ 10} In reviewing a motion to dismiss brought pursuant to Crim.R. 12(C), we apply the same standard of review as one brought pursuant to Civ.R. 12(B). *Jordan v. Giant Eagle Supermarket*, 8th Dist. Cuyahoga No. 109304, 2020-Ohio-5622, ¶ 21. "The Ohio Supreme Court has found that res judicata is not a defense that can be raised by a motion to dismiss pursuant to Civ.R. 12(B) because that defense must be proved with evidence outside the pleadings." *Commons v. Raaber*, 8th Dist. Cuyahoga No. 96867, 2011-Ohio-6084, ¶ 10, citing *State ex rel. Freeman*

*v. Morris*, 62 Ohio St.3d 107, 579 N.E.2d 702 (1991); *Shaper v. Tracy*, 73 Ohio St.3d 1211, 654 N.E.2d 1268 (1995).

## B. The trial court erred by not converting the motion to dismiss into a motion for summary judgment

{¶ 11} Appellant raised 12 assignments of error in this appeal. We address only the first assignment of error[2] to the extent that it addresses the propriety of the trial court's grant of appellees' motion to dismiss. The complaint filed in this case is divided into four counts, but all encompass issues regarding realty and personal property that appellant acquired or held during his marriage. Within the complaint, appellant acknowledges that the marriage was terminated and a trial was held upon the divorce, attaching as exhibits to the complaint excerpts of the transcript of the trial. R.C. 3105.171(B) provides a domestic relations court jurisdiction over property, the ability to determine marital and separate property, and to "divide the marital and separate property equitably between the spouses * * *." Accordingly, issues regarding the ownership or transfer of parties' property are subject to the jurisdiction of the domestic relations court. *E.g.*, *Cornell v. Rudolph*, 3d Dist. Allen

---

[2] The first assignment of error reads:

> Trial court use of res judicata as a reason/excuse for dismissal is unreasonable, unconscionable, inappropriate and displays prejudice against the Appellant. Based on the requirements and judicial reasons for exclusion as a defense to obtain dismissal, Trial Court actions are a mis-carriage of judicial due process.

No. 1-10-89, 2011-Ohio-4322, ¶ 17-19 (finding res judicata applicable where party had full opportunity to litigate claims in divorce proceedings).

{¶ 12} But the issues actually determined in the divorce proceedings, the orders of the court, and the opinion of this court reviewing the proceedings are beyond the facts listed in the pleadings. It is necessary to reference the previous divorce case, the rulings therein, and the result of those proceedings to determine whether or not res judicata applies to bar the complaint in this case. Where the determination of a motion to dismiss requires reference to materials outside the pleadings, the trial court should convert the motion to dismiss into a motion for summary judgment. *Hecht v. Equity Trust Co.*, 8th Dist. Cuyahoga Nos. 110380 and 110650, 2022-Ohio-198, ¶ 29.

{¶ 13} Because the issue of whether or not res judicata barred the complaint in this case cannot be determined without reference to materials outside the pleadings, the trial court erred by not converting the motion to dismiss to one for summary judgment, providing notice to the parties that it would do so, and allow the parties to present appropriate evidence under Civ.R. 56. *See Hecht* at ¶ 33. Accordingly, appellant's first assignment of error is sustained in part.[3]

---

[3] Our resolution of appellant's first assignment of error renders appellant's remaining assignments of error moot. App.R. 12(A)(1)(c), *State v. Robinson*, 8th Dist. Cuyahoga No. 85149, 2005-Ohio-2834, ¶ 49.

## III. CONCLUSION

{¶ 14} Because we find that the trial court erred by proceeding to determine the motion to dismiss without converting the motion to one of summary judgment, the trial court's judgment is reversed and this matter is remanded to the trial court for proceedings consistent with this opinion.

It is ordered that appellant and appellees share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MICHELLE J. SHEEHAN, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
EILEEN A. GALLAGHER, J., CONCUR