JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} This appeal involves the single issue of whether plaintiff-appellant, Amy Castelli ("Castelli"), is an intended third-party beneficiary under a grant agreement between the defendant-appellee, City of Cleveland's Cable Television Minority Arts and Education Fund ("The Fund") and her former employer, Cleveland Television Network ("CTN"). Because we find that Castelli is not an intended third-party beneficiary under the grant agreement, we find that her claims against The Fund and defendant-appellee, The Cleveland Foundation, fail. For the reasons set forth below, we find no merit to the appeal and affirm the trial court's decision.
 Procedural Facts and History {¶ 2} The underlying litigation involves a long, convoluted history stemming from Castelli's former employment with CTN, a now defunct organization. Castelli filed the underlying lawsuit in September 2002 against CTN, along with numerous other defendants, including The Fund, asserting, inter alia, that CTN and its Board Chairman, General Manager, and Treasurer, and a CTN trustee had discriminated against her on the basis of race, breached her employment agreement, breached her settlement agreement, and retaliated against her. In the initial complaint, Castelli had not named The Cleveland Foundation as a defendant but did name The Fund, a supporting organization of The Cleveland Foundation, which provided funds to CTN pursuant to a grant *Page 4 
agreement (hereinafter the "Grant Agreement"). The Grant Agreement awarded CTN a fourteen-month grant of $710,000 for operating expenses of CTN.
 {¶ 3} In November 2002, the trial court granted CTN's motion to compel arbitration on Castelli's claims raised against CTN and the individually named CTN defendants and stayed the case. In July 2004, Castelli subsequently moved the court to determine the arbitrability of her claims against The Fund and sought an order requiring The Fund to participate in the arbitration. In support of her motion, Castelli attached the Grant Agreement between The Fund and CTN, and argued that The Fund was a third-party beneficiary of her employment agreement and therefore a necessary party to the arbitration. The trial court found that The Fund was not a proper party to the arbitration and denied Castelli's motion.
 {¶ 4} The matter proceeded to arbitration, where the arbitrator found in Castelli's favor and awarded her $216,745.16, plus interest, attorney fees, and prejudgment interest. In August 2006, Castelli subsequently filed an application to confirm the arbitrator's award and moved to vacate and review remaining claims, which included her pending claim against The Fund. CTN, in turn, moved to vacate or modify the arbitrator's award. While these matters were pending, Castelli filed an amended complaint in January 2007, wherein she added The Cleveland Foundation as a party and sought a declaratory judgment that she was an intended third-party beneficiary under the Grant Agreement between CTN and The Fund. *Page 5 
 {¶ 5} The Cleveland Foundation and The Fund moved to dismiss the amended complaint and attached a copy of the Grant Agreement as well as a copy of Internal Revenue Code Publication 78, which listed The Fund as a charitable organization.[1] Castelli filed a brief in opposition and the trial court set the matter for a hearing. At the hearing on the motion to dismiss, both parties were given the opportunity to present arguments on the issue of whether Castelli was an intended third-party beneficiary of the Grant Agreement and whether The Fund and The Foundation could be liable for the wrongful acts of CTN under a third-party beneficiary theory. The trial court found in favor of The Fund and The Foundation and granted their motion to dismiss.[2]
 {¶ 6} From this decision, Castelli appeals, raising the following single assignment of error:
 {¶ 7} "The lower court erred when it granted the Cleveland Cable Television Minority Arts and Education Fund and the Cleveland Foundation's motion to dismiss Amy Castelli's amended complaint despite the law and facts in support of Amy Castelli's amended complaint." *Page 6 
 Standard of Review {¶ 8} In order to prevail on a Civ. R. 12(B)(6) motion, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling plaintiff to recover. Hester v. Dwivedi,89 Ohio St.3d 575, 2000-Ohio-230. A court is confined to the averments set forth in the complaint and cannot consider outside evidentiary materials. Id.; see, also, Greeley v. Miami Valley Maintenance Contrs. Inc. (1990),49 Ohio St.3d 228. Moreover, a court must presume that all factual allegations set forth in the complaint are true and must make all reasonable inferences in favor of the nonmoving party. Mitchell v.Lawson Milk Co. (1988), 40 Ohio St.3d 190.
 {¶ 9} We note initially that the trial court should have converted The Fund's and The Cleveland Foundations's motion to dismiss to a motion for summary judgment when it considered materials and evidence outside of the complaint. See Civ. R. 12(B). Here, despite purporting to assert a third-party beneficiary claim under the Grant Agreement, Castelli failed to attach the agreement to her amended complaint. See Civ. R. 10(D)(1) (generally, written agreement must be attached to complaint if plaintiff asserting claim under the written agreement). Instead of moving for a more definite statement as a result of Castelli's failure to attach the agreement, The Fund and The Foundation attached the agreement, along with other evidentiary materials, to their motion *Page 7 
to dismiss. Notably, Castelli never moved to strike these documents and, in fact, relied on the Grant Agreement and other materials outside of the amended complaint at the hearing held on the motion to dismiss.
 {¶ 10} Consequently, we consider the court's error harmless because the court afforded both parties a reasonable opportunity to present matters outside the pleadings at the oral hearing on the motion to dismiss the amended complaint.[3] See, e.g., Hutchinson v. BeazerEast, Inc., 8th Dist. Nos. 86635 and 87897, 2006-Ohio-6761, ¶ 15-16, citing Ins. Co. of N. Am. v. Reese Refrig. (1993), 89 Ohio App.3d 787,793. Furthermore, neither party has raised this issue on appeal nor complained of the trial court's consideration of matters outside the pleadings. Accordingly, we review this matter de novo.Hutchinson, supra.
 Third-Party Beneficiary {¶ 11} Castelli argues in her sole assignment of error that the trial court erred in dismissing her amended complaint because she is an intended third-party beneficiary of the Grant Agreement between CTN and The Fund. We disagree.
 {¶ 12} In her amended complaint, Castelli asks the court to declare her a third-party beneficiary and further find that she is entitled to collect her *Page 8 
arbitrator's award against The Fund and The Cleveland Foundation as a beneficiary of the Grant Agreement. In support of her claim for a declaration that she is an intended third-party beneficiary entitled to recover against The Fund and the Foundation, Castelli alleges the following:
 {¶ 13} "Pursuant to City of Cleveland ordinances, the Fund and Foundation were responsible for holding and disbursing monies paid under the franchise agreement to CTN, said funds being intended for the use ofoperating expenses of CTN. Funds were paid to CTN pursuant to a Grant Agreement and revenues continue to be paid from the Fund to same or similar organizations under the direction and authority of City of Cleveland ordinances. Because of the relationship of plaintiff to CTN, and CTN's relationship to the Fund and Foundation, it is clear that the plaintiff is an intended third-party beneficiary of not only the Grant Agreement between CTN and the Fund and [sic] ordinances of the City of Cleveland establishing the Fund for purposes of providing operating revenues to CTN." (Emphasis added.)
 {¶ 14} In this case, Castelli seeks to recover the arbitrator's award arising out of the breach of her employment agreement by CTN against The Fund and the Cleveland Foundation on a novel theory that she is an intended third-party beneficiary of the Grant Agreement between CTN and The Fund. Her entire theory rests on the fact that the Grant Agreement specifically indicated that the funds awarded were to be used for operating expenses, which she claims would *Page 9 
include her salary, thereby intending to benefit her directly.
 {¶ 15} In determining whether a party is an intended third-party beneficiary with enforceable rights under a contract, the test is whether the promisee intended to benefit a third party. Hill v. Sonitrolof Southwestern Ohio, Inc. (1988), 36 Ohio St.3d 36. As explained by the Ohio Supreme Court:
 {¶ 16} "`Under this [intent to benefit] analysis, if the promisee *** intends that a third party should benefit from the contract, then that third party is an "intended beneficiary" who has enforceable rights under the contract. If the promisee has no intent to benefit a third party, then any third-party beneficiary to the contract is merely an "incidental beneficiary," who has no enforceable rights under the contract.
 {¶ 17} "`*** The mere conferring of some benefit on the supposed beneficiary by the performance of a particular promise in a contract [is] insufficient; rather, the performance of that promise must also satisfy a duty owed by the promisee to the beneficiary.'" Id., quotingNorfolk Western Co. v. United States (C.A.6, 1980), 641 F.2d 1201,1208.
 {¶ 18} As a rudimentary matter, to enforce rights as an intended third-party beneficiary, the claimant must establish an underlying enforceable contract. See, generally, Hill, supra; see, alsoDavidson Jones Dev. Co. v. Elmore Dev. Co. (C.A.6, 1991),921 F.2d 1343, 1356 (third-party beneficiary claim must be based on a valid underlying contract); Gomez v. Huntington Trust Co., *Page 10 N.A. (N.D.Ohio 2000), 129 F. Supp.2d 1116 (a gift is not sufficient to bring a third-party beneficiary claim). The Fund and The Cleveland Foundation contend that Castelli's claim fails as a matter of law because the Grant Agreement constitutes a charitable gift. Specifically, they argue that the Grant Agreement lacks consideration from CTN to constitute a binding contract. We agree.
 {¶ 19} The Grant Agreement contains no provisions that could be construed as conferring a benefit to The Fund or imposing a detriment to CTN. Although the Grant Agreement sets forth conditions, which includes, inter alia, a nondiscrimination clause, we find that the agreement constitutes a conditional gift. Consequently, Castelli's third-party beneficiary claim fails as a matter of law.
 {¶ 20} But even if we found the Grant Agreement to be a binding contract, Castelli's third-party beneficiary claim still fails. In order to recover under a third-party beneficiary theory, the plaintiff must assert a breach of the underlying contract. Sowers v. Heidler, 12th Dist. No. CA2003-02-002, 2003-Ohio-6787, ¶ 12. Indeed, "an intended third-party beneficiary acquires no rights greater than those set forth in the contract." Union S. L. Co. v. Cook (1933), 127 Ohio St. 26, paragraph one of the syllabus. Thus, a court cannot impose liability under a contract against a party that fully complied. SeeSowers, supra. *Page 11 
 {¶ 21} Here, Castelli alleges no facts that remotely demonstrate any breach by The Fund or The Cleveland Foundation. Indeed, Castelli's counsel even acknowledged at the oral hearing that the only breach that has occurred is related to Castelli's employment contract and that was done by CTN.
 {¶ 22} Based on the allegations in the amended complaint and the arguments raised below, we find that Castelli has failed to state a claim against The Fund and The Cleveland Foundation. The mere fact that The Fund awarded a grant to Castelli's former employer, CTN, which is now defunct, is insufficient to impose liability on The Fund for the wrongdoings of CTN, its grantee. Because we find that Castelli's claim against The Fund fails, we likewise find that her attempt to implicate The Cleveland Foundation under the theory that it controls The Fund's monies also fails.
 {¶ 23} The sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 12 
JAMES J. SWEENEY, A.J., and PATRICIA A. BLACKMON, J., CONCUR
[1] In its brief in opposition, The Fund argued that the trial court could take judicial notice of the Fund's charitable status in considering its Civ. R. 12(B)(6) motion to dismiss.
[2] As for the other claims and issues related to the arbitration award and CTN and the individually named CTN defendants' liability, those matters have been settled between the parties and are no longer part of this appeal.
[3] Given that the record reflects that each party had sufficient notice of the hearing, participated in the hearing, and argued matters outside of the pleadings, we find no error in the trial court's reliance on facts presented outside of the pleadings. Indeed, the trial court's scheduling of a hearing effectively put the parties on notice that it would consider matters outside of the amended complaint. *Page 1