[Cite as *Hecht v. Equity Trust Co.*, 2022-Ohio-198.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

DOUGLAS HECHT,                          :

    Plaintiff-Appellant,          :

                             Nos. 110380 and 110650

    v.                             :

EQUITY TRUST COMPANY,                   :

    Defendant-Appellee.           :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, REVERSED IN PART, AND
                REMANDED
**RELEASED AND JOURNALIZED:** January 27, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-941979

---

### *Appearances:*

Matthew Gilmartin, Attorney at Law, LLC, and Matthew
Gilmartin, *for appellant*.

Ulmer & Berne LLP, Paul R. Harris, and Kathryn
Bartolomucci, *for appellee*.

MARY J. BOYLE, J.:

{¶ 1} Plaintiff-appellant, Douglas Hecht ("Hecht"), appeals the trial court's

orders (1) denying Hecht's motion for an extension of time to respond to defendant-

appellee, Equity Trust Company's ("Equity Trust"), motion to dismiss Hecht's

complaint for failure to state a claim upon which relief can be granted; (2) granting Equity Trust's motion to dismiss Hecht's complaint; and (3) denying Hecht's motion for relief from judgment.

{¶ 2} For the reasons set forth below, we affirm the trial court's order denying Hecht's motion for an extension of time to respond to Equity Trust's motion to dismiss, reverse the trial court's order granting Equity Trust's motion to dismiss, and remand to the trial court to convert the motion to dismiss to a motion for summary judgment, after giving the parties notice.

{¶ 3} On December 23, 2020, Hecht filed a complaint against Equity Trust, alleging breach of contract (Count 1) and breach-of-fiduciary duty (Count 2). Hecht avers that Equity Trust, the custodian of Hecht's individual retirement account ("IRA"), did not timely or correctly process Hecht's deposit and payment directives, which resulted in late fees and diminished value of the IRA. Hecht avers that these oversights constituted a breach of the parties' custodial-account agreement and a breach of Equity Trust's fiduciary duty to Hecht.

{¶ 4} On February 1, 2021, Equity Trust filed a motion to dismiss Hecht's complaint pursuant to Civ.R. 12(B)(6). Equity Trust attached to its motion two copies of the custodial-account agreement, one signed and dated December 21, 2012, ("2012 Agreement") and the other unsigned and bearing a revision date of December 2017 ("2017 Agreement"). A provision of the 2012 Agreement provides for periodic amendment:

> We have the right to amend this Agreement at any time. Any amendment we make to comply with the Code and related Regulations does not require your consent. You will be deemed to have consented to any other amendment unless, within 30 days from the date we mail the amendment, you notify us in writing that you do not consent.

Equity Trust points to the 2017 Agreement as one such amendment. The 2017 Agreement provides in pertinent part:

> You agree that any claim or cause of action against custodian arising out of or relating in any way to this agreement or our role as custodian must be file[d] within one (1) year after the claim or cause of action accrued, or the shortest duration permitted under applicable law if such period is greater than one (1) year. You agree to waive any statute of limitation[s] to the contrary.

(Emphasis deleted.) Equity Trust contends that this one-year limitations provision bars Hecht's claims because Hecht alleged in his complaint that the parties' contractual relationship ended in March 2018, yet Hecht filed his complaint in December 2020, outside the agreed-upon limitations period. Equity Trust also argues that Hecht's complaint fails to allege the essential elements of breach of contract and breach-of-fiduciary duty.

{¶ 5} On February 19, 2021, Hecht moved for an extension of time to respond to Equity Trust's motion to dismiss, which contained a stipulation by both parties that Hecht would have until February 22, 2021, to respond to Equity Trust's motion to dismiss and that the parties had agreed to stay discovery until the trial court ruled on Equity Trust's motion.

{¶ 6} On February 23, 2021, the trial court granted Equity Trust's motion as "unopposed in its entirety." In its journal entry, the trial court acknowledged that "in resolving a Civ.R. 12(B)(6) motion, a court is confined to the averments set forth

in the complaint and cannot consider outside evidentiary materials unless the motion is converted into one for summary judgment under Civ.R. 56." The trial court found that Hecht "can prove no set of facts in support of his claim[s] which would entitle him to relief." The trial court dismissed Hecht's complaint with prejudice.

{¶ 7} Later that same day, February 23, the trial court denied Hecht's motion for extension of time to respond to Equity Trust's motion to dismiss. The trial court observed that Hecht had until February 16, 2021, to file his response to the motion or request leave for additional time to respond and had "failed to do either."[1]

{¶ 8} On March 24, 2021, Hecht moved for relief from judgment and filed a notice of appeal in *Hecht v. Equity Trust Co.*, 8th Dist. Cuyahoga No. 110380, the following day. On March 26, 2021, the trial court stayed proceedings pending the appeal. On April 26, 2021, this court remanded the matter to the trial court for the sole purpose of ruling on Hecht's motion for relief from judgment. On June 23, 2021, the trial court denied the motion stating that Hecht missed both the initial February 16, 2021 and stipulated February 22, 2021 deadlines to respond to Equity Trust's motion to dismiss and had failed to request leave to respond. On July 12, 2021, Hecht filed a second notice of appeal, which is the matter currently before the court.

---

[1] The trial court was closed on February 15, 2021, 14 days after service, in observance of Presidents' Day.

{¶ 9} Hecht's March 25 and July 12 appeals were consolidated for disposition. Hecht raises the following five assignments of error, which we shall discuss together where appropriate:

ASSIGNMENT OF ERROR ONE

The Common Pleas Court erred in denying Douglas A. Hecht an extension to respond to [Equity Trust's] 12(B)(6) *Motion* because Hecht was still within his time to oppose the motion.

ASSIGNMENT OF EROR TWO

The Common Pleas Court erred in granting [Equity Trust's] 12(B)(6) *Motion* because it relied on matters outside of the record and thus violated *Civ.R.* 12(B).

ASSIGNMENT OF ERROR THREE

The Common Pleas Court erred in denying Hecht's motion for relief from judgment to set aside the judgment per *Civ.R.* 60(B) because counsel to Hecht was not neglectful in filing for an extension of time or in filing a brief in opposition to [Equity Trust's] motion to dismiss.

ASSIGNMENT OF ERROR FOUR

The Common Pleas Court erred in denying Hecht's motion to set aside the judgment pursuant to *Civ.R.* 60(B) because even had counsel to Hecht been neglectful in filing for an extension of time or in filing an opposition to [Equity Trust's] 12(B)(6) motion to dismiss, the neglect was excusable.

ASSIGNMENT OF ERROR FIVE

The Common Pleas Court erred in denying Hecht's motion to set aside the judgment pursuant to *Civ.R.* 60(B) because Hecht had multiple meritorious claims and defenses to assert against [Equity Trust's] 12(B)(6) motion to dismiss.

### Extension of Time

{¶ 10} In his first assignment of error, Hecht claims that the trial court erred in denying his request for an extension of time to respond to Equity Trust's motion

to dismiss. In his third and fourth assignments of error, Hecht contends that the trial court erred in denying his Civ.R. 60(B) motion for relief from judgment because Hecht was not neglectful in requesting an extension of time to respond to Equity Trust's motion to dismiss or, if Hecht was neglectful, the neglect was excusable.

{¶ 11} We review a trial court's order denying a motion for an extension of time for an abuse of discretion. *Provident Bank v. Hartman*, 8th Dist. Cuyahoga No. 78292, 2001 Ohio App. LEXIS 2329, 6-7 (May 24, 2001). A court abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable. *Blackmore v. Blackmore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). A decision is unreasonable when "'no sound reasoning process * * * would support that decision.'" *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 12} Civ.R. 6(C)(1) provides for service of a response to a written motion within 14 days after service of the motion. In the instant case, because the trial court was closed February 15, 2021, in observance of Presidents' Day, Hecht's response was due on or before February 16, 2021. On February 19, 2021, three days after the deadline, Hecht filed a stipulation signed by counsel for both parties providing that Hecht would have until February 22, 2021, to file his response. Hecht captioned the stipulation "Motion for Extension of Time to Respond to [Equity Trust's] Motion to Dismiss."

{¶ 13} Hecht contends that he missed the filing deadline in reliance on Loc.R. 8(C) of the Court of Common Pleas of Cuyahoga County, General Division

("Loc.R. 8(C)") as "self-executing, requiring no judicial action." Loc.R. 8(C) provides:

> Civil Rule 12, prescribing time requirements for pleadings, will be enforced. However, parties may obtain an extension of time, not to exceed thirty (30) days in which to answer, plead or otherwise move, when no prior extension has been granted, by filing with the Clerk a written stipulation approved by all counsel providing for an extension. The stipulation shall affirmatively state that no prior extension has been granted. Neither the stipulation nor any entry shall be submitted to the Court for the initial extension. If no stipulation is obtained or if an additional extension beyond the initial stipulated period is requested, the party desiring an extension must obtain the approval of the Court.

{¶ 14} Hecht argues that Loc.R. 8(C) does not provide that a stipulation for an extension of time must be filed before the filing deadline passes. We disagree. Loc.R. 8(C) states that the "parties may obtain an extension of time * * * by filing with the Clerk a written stipulation approved by all counsel providing for an extension." The rule requires filing the written stipulation before obtaining the extension. Hecht misinterprets what he terms the "self-executing" nature of the rule that "[n]either the stipulation nor any entry shall be submitted to the Court for the initial extension." The first stipulated extension does not require court approval. However, the rule neither states nor implies that the first stipulated extension does not need to be filed or that it may be filed after the deadline that the parties seek to extend by the stipulation. *See Ferreri v. Plain Dealer Publishing Co.*, 142 Ohio App.3d 629, 637-638, 756 N.E.2d 712 (8th Dist.2001) (the parties have no authority to extend a filing deadline by stipulation after the deadline has passed).

**{¶ 15}** Hecht then turns to Civ.R. 6(B), which provides the procedure for obtaining an extension after expiration of a deadline:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion * * * upon motion made after the expiration of the specific period permit the act to be done where the failure to act was the result of excusable neglect[.]

*Ferreri* at 637. Hecht argues that Civ.R. 6(B) permits the filing of a motion for extension of time after a deadline has passed if it is the result of excusable neglect. Hecht offers two reasons for missing the deadline.

**{¶ 16}** First, counsel for Hecht maintains that his belief that the stipulation extended the deadline without judicial approval excuses his failure to meet the deadline. However, as explained above, the parties no longer had authority to stipulate to an extended deadline once the deadline passed. Only the trial court could extend the deadline. "[O]btaining a stipulation from [an] opposing party in lieu of filing the proper motion for additional time does not constitute excusable neglect" within the scope of Civ.R. 6(B). *Ferreri* at 638, citing *Ronald Markowitz Real Estate, Inc. v. Sherwin-Williams Co.*, 8th Dist. Cuyahoga No. 63379, 1993 Ohio App. LEXIS 3793, 7 (Aug. 5, 1993).

**{¶ 17}** Second, counsel for Hecht states that he was still recovering from an open-heart surgery six months before, had to deal with other health complications during that time, and had a medical procedure scheduled February 19, 2021, the day he filed the stipulation. However, the first time counsel for Hecht raised these health concerns was in his March 24, 2021 motion for relief from judgment, which he filed

more than a month after the filing deadline for his response to Equity Trust's motion to dismiss. Also, assuming the stipulation was a motion to extend Hecht's time to respond to Equity Trust's motion to dismiss, Hecht requested that the deadline be extended to February 22, 2021, and then missed the deadline. The court ruled on Equity Trust's motion to dismiss the next day, February 23, 2021.

{¶ 18} Based on the foregoing, we find the trial court did not abuse its discretion in denying Hecht's request for an extension of time to respond to Equity Trust's motion to dismiss.

{¶ 19} Hecht's first assignment of error is overruled. We find Hecht's third and fourth assignments of error seeking the same relief under Civ.R. 60(B) are moot. App.R. 12(A)(1)(c).

## Civ.R. 12(B)(6)

{¶ 20} In his second assignment of error, Hecht argues that the trial court erred in granting Equity Trust's motion to dismiss because the trial court relied on evidence outside the complaint and resolved an issue of fact in favor of Equity Trust. In his fifth assignment of error, Hecht argues that the trial court erred in denying his Civ.R. 60(B) motion for relief from judgment because he had meritorious defenses to assert against Equity Trust's motion to dismiss.

{¶ 21} A motion to dismiss a complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992). "The mov[ing party] may not rely on

allegations or evidence outside the complaint; otherwise, the motion must be treated, with reasonable notice, as a Civ.R. 56 motion for summary judgment." *Id.* In order to dismiss a complaint for failure to state a claim upon which relief can be granted, the trial court must find beyond doubt that the plaintiff can prove no set of facts warranting relief after it presumes all factual allegations in the complaint are true and construes all reasonable inferences in the plaintiff's favor. *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207, 680 N.E.2d 985 (1997). We review a trial court's decision to dismiss a complaint pursuant to Civ.R. 12(B)(6) de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5.

{¶ 22} Because Hecht missed the deadline for filing a response to Equity Trust's motion to dismiss, the trial court reviewed Equity Trust's motion as unopposed. Nevertheless, the trial court still had to comply with Civ.R. 12(B) standards for dismissal and could not grant the motion solely because it was unopposed. *Henderson v. State*, 8th Dist. Cuyahoga No. 101862, 2015-Ohio-1742, ¶ 31. In the motion, Equity Trust argues that Hecht bases his claims for breach of contract and breach-of-fiduciary duty on the parties' custodial-account agreement but failed to attach a copy of the agreement to the complaint. In the complaint, Hecht states that he did not attach a copy of the agreement because the agreement (1) "contains [Hecht's] personal and confidential financial information" and (2) "is already in the possession of * * * Equity Trust."

{¶ 23} Civ.R. 10(D)(1) provides that "[w]hen any claim or defense is founded on an account or other written instrument, a copy of the account or written instrument must be attached to the pleading. If the account or written instrument is not attached, the reason for the omission must be stated in the pleading." Hecht's claims were based on the parties' custodial-account agreement. Hecht could have redacted his personal and confidential financial information from the agreement's pertinent provisions, and Hecht's belief that Equity Trust has a copy of the agreement was not an adequate reason for failing to attach it to the complaint. *See Point Rental Co. v. Posani*, 52 Ohio App.2d 183, 185, 368 N.E.2d 1267 (10th Dist.1976) (stating a belief that the defendant has a copy of an agreement is an insufficient reason for failing to attach a copy of the agreement to the complaint).

{¶ 24} However, Hecht's failure to attach a copy of the agreement to the complaint is not fatal for that reason alone. The proper procedure for responding to a plaintiff's failure to attach a copy of the written instrument to the complaint or state a valid reason for failing to do so is to move for a more definite statement pursuant to Civ.R. 12(E). *Id.*; *Castelli v. Patmon*, 8th Dist. Cuyahoga Nos. 90103 and 90104, 2008-Ohio-6468, ¶ 19. Further, the language of Civ.R. 10(D)(1) does not state that the account or written agreement is required to establish the adequacy of the complaint. *Fletcher v. Univ. Hosps. of Cleveland*, 120 Ohio St.3d 167, 2008-Ohio-5379, 897 N.E.2d 147, ¶ 12. "[A] party can still plead a prima facie case in such circumstances even without attaching the account or written agreement to the complaint [and] the complaint will survive a motion to dismiss for failure to state a

claim." *Id.*, citing *Point Rental Co.* at 185-186; *Reese v. Ameritrust Co. Natl. Assn.*, 8th Dist. Cuyahoga No. 57936, 1991 Ohio App. LEXIS 1043, 8 (Mar. 14, 1991).

{¶ 25} Equity Trust did not move for a more definite statement pursuant to Civ.R. 12(E). Instead, Equity Trust attached both the 2012 Agreement and 2017 Agreement to its motion to dismiss. In the motion, Equity Trust argues that because Hecht asserted breach of contract and alleged that the parties' contractual relationship started in December 2012, the trial court could properly consider the 2012 Agreement as incorporated by reference and part of the complaint. *See, e.g.*, *Richardson v. Clinical Computing PLC*, 2016-Ohio-8065, 69 N.E.3d 754, ¶ 34 (1st Dist.) (holding that the agreement attached to defendants' motion to dismiss but not attached to plaintiff's complaint was the "contract" referenced in the complaint as "Exhibit A" and therefore proper for the court to review pursuant to Civ.R. 10(C)). Civ.R. 10(C) provides that "[s]tatements in a pleading may be adopted by reference in a different part of the same pleading or in another pleading or in any motion [and] a copy of any written instrument attached to a pleading is a part of the pleading for all purposes." Equity Trust argues that Hecht's reference in the complaint to a custodial-account agreement into which Hecht entered with Equity Trust "on or about December 2012" is enough to identify the 2012 Agreement that Equity Trust attached to its motion to dismiss. Equity Trust thus treats the complaint's reference to an agreement as tantamount to the agreement itself, to be considered as "part of the pleading for all purposes," including a motion to dismiss.

**{¶ 26}** Equity Trust, however, cites no law to support this interpretation of Civ.R. 10(C). Equity Trust relies on *State ex rel. Crabtree v. Franklin Cty. Bd. of Health*, 77 Ohio St.3d 247, 249, 673 N.E.2d 1281 (1997) (materials, including a news article, attached to the complaint); *Irvin v. Am. Gen. Fin., Inc.*, 5th Dist. Muskingum No. CT2004-0046, 2005-Ohio-3523, ¶ 16, fn. 6 ("The disclosures provided by appellees had been incorporated into the complaint by appellants when they referred to signing disclosures and provided copies of the accompanying loan documents as attachments"); and *Fillmore v. Brush Wellman, Inc.*, 6th Dist. Ottawa No. OT-03-029, 2004-Ohio-3448, ¶ 9 (documents, including settlement agreements and a company policy, attached to the complaint). In each of these cases, the plaintiff attached a writing to the complaint. Therefore, they are distinguishable.

**{¶ 27}** Equity Trust also relies on *Lisboa v. Lisboa*, 8th Dist. Cuyahoga No. 95673, 2011-Ohio-351, which in turn cites *State ex rel. Crabtree*, *Irvin*, and *Fillmore*, for the proposition that "[t]he court may review documents that were incorporated into the complaint, even if not attached to the complaint." *Id.* at ¶ 38. However, in *Lisboa*, the trial court's jurisdiction to review plaintiff's breach-of-contract claim hinged on a separation agreement and court docket attached to defendants' motions to dismiss the complaint under Civ.R. 12(B)(1) and (6). As this court explained, "[T]he court may consider material pertinent to jurisdictional issues without converting the motion into one for summary judgment." *Id.* Here, Equity Trust did not allege that the trial court's jurisdiction hinged on its review of

the custodial-account agreement. As a result, the trial court could not consider the 2012 Agreement attached to Equity Trust's motion to dismiss without first converting the motion into a motion for summary judgment.

{¶ 28} Equity Trust further argues that reading the 2012 Agreement and 2017 Agreement together establishes that Hecht's claims are time barred. The 2012 Agreement provides for periodic amendment:

> We have the right to amend this Agreement at any time. Any amendment we make to comply with the Code and related Regulations does not require your consent. You will be deemed to have consented to any other amendment unless, within 30 days from the date we mail the amendment, you notify us in writing that you do not consent.

The 2017 Agreement provides the following amendment:

> You agree that any claim or cause of action against custodian arising out of or relating in any way to this agreement or our role as custodian must be file[d] within one (1) year after the claim or cause of action accrued, or the shortest duration permitted under applicable law if such period is greater than one (1) year. You agree to waive any statute of limitation[s] to the contrary.

(Emphasis deleted.) Equity Trust contends that Hecht's claims are time barred because they are subject to the one-year limitations period provided in the 2017 Agreement. Equity Trust points to Hecht's allegation that the parties' contractual relationship ended in March 2018, which, if true, any claim for breach of contract would have accrued no later than March 2018, making Hecht's December 2020 complaint untimely.

{¶ 29} Even if the trial court could properly consider the 2012 Agreement as part of the complaint by reference, it could not properly consider the 2017 Agreement because Equity Trust had not established that it had mailed the

amended agreement to Hecht or that Hecht consented to the amendment under the terms of the 2012 Agreement. This is a fact inference that the trial court would have to rely upon if dismissing Hecht's complaint as time barred. Such evidence was outside the complaint. In order to consider the 2012 Agreement and the 2017 Agreement, Civ.R. 12(B) requires that the trial court convert the motion to one for summary judgment after notifying the parties. *State ex rel. V Cos. v. Marshall*, 81 Ohio St.3d 467, 470, 692 N.E.2d 198 (1998), citing *Petrey v. Simon*, 4 Ohio St.3d 154, 447 N.E.2d 1285 (1983), paragraphs one and two of the syllabus.

{¶ 30} Equity Trust argues in the alternative that Hecht's complaint fails to plead the essential elements of breach of contract and breach-of-fiduciary duty. The trial court dismissed Hecht's complaint in its entirety on the "no set of facts" standard. "Ohio is a notice-pleading state, [and] Ohio law does not ordinarily require a plaintiff to plead operative facts with particularity." *Cincinnati v. Beretta USA Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136, ¶ 29. Under the requirements of Civ.R. 8(A)(1), a plaintiff need only plead sufficient, operative facts supporting a claim for relief to survive a motion to dismiss. *Id.* Hecht's complaint meets this basic pleading requirement.

{¶ 31} "A cause of action for breach of contract requires the claimant to establish the existence of a contract, the failure without legal excuse of the other party to perform when performance is due, and damages or loss resulting from the breach." *Lucarell v. Nationwide Mut. Ins. Co.*, 152 Ohio St.3d 453, 2018-Ohio-15, 97 N.E.3d 458, ¶ 41. In his complaint, Hecht alleges that he "entered into an

agreement with [Equity Trust] to establish a self-directed IRA" "on or about December 2012" "until at least March 1, 2018." Hecht also alleges that Equity Trust breached the agreement by making untimely deposits, late payments, and inaccurate payments "due on a mortgage-back real estate loan, insurance and tax obligations" associated with several properties forming the investment vehicle of Hecht's individual retirement account. Finally, Hecht alleges that as a result of these late and untimely payments, his "IRA[s] incurred additional costs for late fees, penalties and interest, which * * * diminish[ed] the net worth of the IRAs." Hecht's complaint alleges enough facts to support his breach-of-contract claim to survive Equity Trust's motion to dismiss.

{¶ 32} Therefore, Hecht's second assignment of error is sustained, which renders Hecht's fifth assignment of error seeking the same relief under Civ.R. 60(B) moot. App.R. 12(A)(1)(c).

{¶ 33} Accordingly, we affirm the trial court's judgment denying Hecht's untimely motion for an extension of the time, reverse the trial court's judgment dismissing Hecht's complaint, and remand to trial court to convert Equity Trust's motion to dismiss to a motion for summary judgment, after notifying the parties.

It is ordered that appellant and appellee share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.


_____
MARY J. BOYLE, JUDGE

EILEEN T. GALLAGHER, J., CONCURS;
SEAN C. GALLAGHER, A.J., CONCURS IN JUDGMENT ONLY